causes of action. The first on a promissory note for $1,773.10 alleged to have been made by the defendant on December 3, 1918, payable on demand, and the second for $100 alleged to have been loaned by plaintiff to defendant on May 1, 1919. The answer admitted the making of the note but denied the allegations in the complaint of the plaintiff's lawful ownership of the note, of the demand of payment alleged and any indebtedness thereon, and denied the alleged loan. The answer then alleged as a further defense to the note a release of that claim by the plaintiff and of all claims plaintiff ever had against the defendant out of any business transaction.

*Herman S. Bachrach* and *Clarence G. Bachrach* for appellant.

*Henry Greenberg* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

RALPH C. JACOBS, Appellant, *v.* MARYLAND CASUALTY COMPANY, Respondent.

*Insurance — action to recover upon policy of liability insurance — defense that policy ran to firm and did not cover liability of individual member thereof.*

*Jacobs* v. *Maryland Casualty Co.*, 198 App. Div. 470, affirmed.

(Argued November 28, 1922; decided December 12, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 30, 1921, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term. Plaintiff recovered a judgment in an action which he brought against Thomas F. Slavin for injuries which he suffered by being run over by an automobile in the city of Troy. An execution was issued thereon against Thomas F. Slavin and was returned unsatisfied. Thereupon the plaintiff brought this action against this defendant, Maryland Casualty Company, alleging, among other things, that on April 10, 1919, this

defendant issued to Thomas F. Slavin a certain policy of insurance known as a " garage liability policy " wherein the defendant, among other things, agreed to indemnify Thomas F. Slavin for damages on account of bodily injuries caused by any automobile owned or operated by the said Thomas F. Slavin, and the policy included all work incidental and necessary to the conduct of the business of Thomas F. Slavin, or the operation of an automobile or garage. The defense was that the policy was issued to the firm of Thomas F. Slavin & Son and did not cover Thomas F. Slavin personally.

· *Thomas S. Fagan* and *John P. Taylor* for appellant.

*William E. Fitzsimmons* and *A. M. Sperry* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

WILLIAM A. MCDONNELL, Appellant, *v.* BERENT C. GERKEN et al., Copartners under the Firm Name of ADLER & ECKSTEIN, Respondents.

*Abatement and revival — action for personal injuries — reversal of verdict for plaintiff upon facts and dismissal of complaint — death of party defendant — action does not survive against his estate.*

Where, in an action to recover for personal injuries alleged to have been sustained by plaintiff through the alleged negligence of the defendants, the Appellate Division has reversed on the facts a verdict in favor of plaintiff and directed a dismissal of the complaint, the cause of action does not survive the death of one of the defendants as to him (Code Civ. Pro. § 764; Civ. Pr. Act, § 89) and, an appeal having been taken to the Court of Appeals, a motion to substitute his representative as party defendant in his place and stead will be denied.

Reported below, 197 App. Div. 446. ·

(Submitted December 4, 1922; decided December 12, 1922.)

MOTION to substitute in place of the defendant Gerken, deceased, his administrator with the will annexed.

*Vincent L. Leibell, Joseph Force Crater* and *Paul F. Lorzr* for motion.

*Walter G. Evans* and *G. Everett Hunt* opposed.