Before STATE INDUSTRIAL BOARD, Respondent.
EDWARD H. AMISH, Respondent, *v.* GEORGE AMISH and Another, Appellants.

Third Department, May 8, 1924.

**Workmen's compensation — coverage — policy issued to partnership does not cover employee of individual partner — partner not covered under Workmen's Compensation Law, § 54, subd. 6, unless policy specifically so provides.**

An insurance policy issued to a partnership will not cover an injury suffered by an employee of a member of the firm in a business conducted by him individually.

A policy of insurance will not cover one of the partners in a partnership under subdivision 6 of section 54 of the Workmen's Compensation Law, unless the policy specifically so provides.

APPEAL by the defendants, George Amish and another, from an award of the State Industrial Board, made on the 26th day of March, 1923.

*Donovan, Raichle & Depew* [*Frank G. Raichle* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

VAN KIRK, J.:

The State Industrial Board has found that Edward H. Amish sustained injuries on December 13, 1922, while employed as a driver by George Amish. There is evidence sufficient to sustain the award against George Amish.

The insurance carrier takes the objection that it has no policy covering George Amish as employer, but that its policy is issued to George Amish & Son. It is undisputed that the policy is written in the name of George Amish and Edward Amish, doing business as George Amish & Son and the insurance had been carried in that name since 1918, prior to which time it was carried in the name of George Amish. Edward Amish, one of the partners, is an employer and not an employee. (*LeClear* v. *Smith,* 207 App. Div. 71.) The terms of the policy, naming the insured, are not ambiguous and the policy covers only the business conducted by the firm composed of George Amish and Edward Amish and does not cover a business conducted by George Amish individually. George Amish and George Amish & Son are two separate entities. (*Hartigan* v. *Casualty Company of America,* 227 N. Y. 175.)

22

The claimant calls attention to the Workmen's Compensation Law of 1922 (§ 54, subd. 6) which provides that an insurance carrier may issue policies including, with employees, employers or executive officers of corporations, who perform labor incidental to their occupations; such policies insuring to such employers or officers the same compensations provided for their employees and at the same rates. (See, also, Workmen's Compensation Law of 1914, § 54, subd. 6, as added by Laws of 1916, chap. 622.) But under this section the award cannot be upheld, *first*, because George Amish & Son is not the employer; *second*, because there is nothing in the insurance policy, so far as the evidence discloses, indicating that this policy was written to include Edward Amish, an employer, among the employees.

The award should be affirmed as against the employer, George Amish, but should be reversed and the claim dismissed as against the insurance carrier, without costs against the State Industrial Board.

All concur.

Award affirmed as against the employer, George Amish, and reversed and claim dismissed as against the insurance carrier, without costs.