In the Matter of the Proceedings Supplementary to Execution, under a Judgment in Favor of JOSEPH L. RADER, Judgment Creditor, Respondent, *v.* SAM GOLDOFF, Judgment Debtor, Defendant.

SAMUEL NUDELMAN, Third Party, Appellant.

First Department, April 27, 1928.

Execution — supplementary proceedings — judgment debtor is member of partnership — error in third party order for examination of bank, in which partnership deposited money, to enjoin bank from transferring property belonging to judgment debtor individually or as copartner — order violates Partnership Law, § 51, subd. 2, ¶ c — proper procedure is under Partnership Law, § 54.

It was error for the court, in granting a third party order in proceedings supplementary to execution, which directed the examination of a bank in which a partnership, one of whose members was the judgment debtor, deposited their money, to restrain the bank from transferring any property belonging to the judgment debtor individually or as a copartner.

First Department, April, 1928.          [Vol. 223

The order violates paragraph c of subdivision 2 of section 51 of the Partnership Law, which provides that a partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership. The proper procedure is set forth in section 54 of the Partnership Law.

APPEAL by Samuel Nudelman, third party, from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 29th day of February, 1928.

*A. H. Waisman,* for the appellant.

*Paul L. Ross* of counsel [*Irving D. Neustein,* attorney], for the respondent.

PROSKAUER, J. The judgment debtor, Goldoff, was a partner of the appellant Nudelman. The respondent, his judgment creditor, procured a third party order in proceedings supplementary to execution directing the examination of the Bowery and East River National Bank and enjoining that bank from transferring any property belonging to the judgment debtor individually or as copartner of Samuel Nudelman. The effect of this injunction was equivalent to an actual levy upon the bank account of the judgment debtor's firm. It deprived the appellant Nudelman of the right to exercise any dominion over this bank account or to apply it to the purposes of the copartnership. We think the result thus reached is in direct contravention of the provisions of the Partnership Law. By section 51, subdivision 2, paragraph c, thereof it is provided: " A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership."

The method of reaching a judgment debtor's interest in partnership property is specifically set forth in section 54 as follows: " On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner might have made, or which the circumstances of the case may require." The specific provisions of the Partnership Law must control. The proceedings against the judgment debtor should have been in accordance with these provisions.

The order appealed from should be modified so far as to grant the motion to the extent of vacating the injunction against the Bowery and East River National Bank contained in the order

of January 21, 1928, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Order modified so far as to grant the motion to extent of vacating the injunction against the Bowery and East River National Bank contained in the order of January 21, 1928, and as so modified affirmed, with ten dollars costs and disbursements to the appellant. Settle order on notice; the date for the examination to proceed to be fixed in the order.