In the Matter of the Claim of Joseph Ardolino, Respondent, against Frank Ierna and Another, Employers, and General Accident, Fire and Life Assurance Corp., Ltd., Appellant. State Industrial Board, Respondent.

Third Department, March 20, 1929.

*James A. Nooney [Joseph Force Crater of counsel], for the appellant.*

*Hamilton Ward, Attorney-General [E. C. Aiken, Assistant Attorney-General, of counsel], for the respondents.*

Davis, J. The controversy is between the employer and insurer on the question of coverage — there being no dispute as to compensable injury.

The employer named in the policy was the copartnership firm consisting of Frank Ierna and Joseph Venezino, engaged in the contracting business of plastering. The policy was issued February 25, 1926, to remain in force one year. An initial premium of eighty-four dollars was paid in May, 1926. The remaining sum was to be determined by an audit of the employer's payroll.

Two or three months after the policy was issued, Frank Russo bought out the interest of Venezino and the latter retired from the firm. Ierna and Russo continued the business as a new copartnership. The insurer was not given notice of this change and no other policy was issued. The claimant was injured September 21, 1926.

The insurer sent letters addressed to the old copartnership in May, 1927, and asked for an appointment to audit the payroll. The appointment was made and the payroll was audited May 11, 1927. The work sheets were turned in to the insurer by the auditor showing the policyholder to be Ierna & Venezino. On the hear-

ing the employer sought to show that it gave notice to the auditor of the change of firm and of the accident, thereby claiming waiver. But there was no proof that the auditor had authority to receive notice binding on the company. In fact, the proof was to the contrary. Furthermore, it is conceded that the new firm paid no further premium, and the insurer received no benefit. There is no basis for either waiver or estoppel.

It seems that the decision by the Board turned on the question that the original firm was insured not as a partnership but as individuals. The position is untenable. It is no new doctrine that a partnership is a separate entity from that of the individuals who constitute its members. (*Hartigan* v. *Casualty Co. of America*, 227 N. Y. 175.) The Board itself has heretofore recognized and given effect to this legal principle. (*Richlin* v. *Kantrowitz*, 33 State Dept. Rep. 392.) The contract of insurance in this case was with the copartnership of Ierna & Venezino, and its obligations cannot be extended to cover the liabilities of the new firm or its individual members. (*Amish* v. *Amish*, 209 App. Div. 337. See, also, *Jacobs* v. *Maryland Casualty Co.*, 198 App. Div. 470; affd., 234 N. Y. 622.) Nor does this rule conflict with our decision in *Matter of Aioss* v. *Sardo* (223 App. Div. 201; affd., 249 N. Y. 270), for here there had never been a contract between the firm by whom the claimant was employed at the time of the accident and the insurer.

The award against the appellant corporation should be reversed and the claim as to it dismissed, with costs against the State Industrial Board.

VAN KIRK, P. J., HINMAN, HILL and HASBROUCK, JJ., concur.

Award against the appellant corporation reversed and claim as to it dismissed, with costs against the State Industrial Board.