Elsa D. Geitner, Respondent, *v.* United States Fidelity and Guaranty Company, Appellant.*

Fourth Department, March 20, 1929.

*Seward H. Millener*, for the appellant.

*La Fay C. Wilkie*, for the respondent.

Taylor, J. This plaintiff originally brought an action in Wyoming county against Charles F. Harms and Paul F. Rehberg as joint and several tort feasors, the action alleged in the complaint being for damages for personal injuries caused by an automobile owned by defendant Rehberg and driven by defendant Harms in behalf of Rehberg. After entry of judgment for plaintiff, an execution was issued against the property of Harms and Rehberg, individual defendants, and returned *nulla bona.* No reference to any copartnership was made in the complaint in that action, and no execution was issued, or could have been issued, against any copartnership.

An indemnity policy upon which this action was based had been issued to " Charles Harms and Paul Rehberg, d /b [doing business]

as McIntosh Garage," the policy also stating " The Assured is Co-partnership." Pursuant to section 109 of the Insurance Law, the policy provided that "in case execution against the assured is returned unsatisfied because of such insolvency or bankruptcy [that of the assured] in an action brought by the injured [person] * * * then an action may be maintained by the injured person * * . * against the company under the terms of the policy for the amount of the judgment in the said action * * *." Plaintiff brought this action under the indemnity policy and recovered judgment. This appeal resulted.

There are New York cases to the effect that a judgment (not for a firm indebtedness) against all the members of a partnership may be enforced by execution against the firm property (e. g., *Davis* v. *President, etc.*, 109 N. Y. 47; *Saunders* v. *Reilly*, 105 id. 12). It has also been held that under an execution sale of the interests of all the partners in partnership property " every semblance of the partnership equities is treated as destroyed " and the purchaser at the sale is invested with the absolute title to the property of the firm. (20 R. C. L. 950, § 172.) These statements of the law were all made prior to 1919, when the Partnership Law applicable to this case went into effect. And sections 50, 51, subdivision 2, paragraph (c), 52 and 54 of that law deprive respondent of any benefit she might otherwise receive from the authorities cited.

It does not appear that any proceedings have been taken under section 54 of the Partnership Law to charge the interests of Harms and Rehberg in the firm property with the payment of the original judgment. Section 51, subdivision 2, paragraph (c) provides that a partner's interest in specific partnership property is not subject to execution except on a claim against the partnership. Section 50 defines the property rights of a partner (with the exception of the right to participate in management) as (a) his rights in specific partnership property, and (b) his interest in the partnership. Section 52 defines the partner's " interest in the partnership " as his share of the profits and surplus. Reading together sections 50 and 52, the words " specific partnership property " seem to cover all property except a partner's share of the profits and surplus. (See *Matter of Rader* v. *Goldoff*, 223 App. Div. 455.)

It is, therefore, manifest from the record that the copartnership composed of Harms and Rehberg is " the assured," and that the respondent has failed to furnish sufficient basis for this action against the insurance carrier of the copartnership (*Jacobs* v. *Maryland Casualty Co.*, 198 App. Div. 470; affd., 234 N. Y. 622); for there is no proof that the assured was insolvent or a bankrupt, either because an execution against the copartnership had been

returned unsatisfied or for any other reason. Such proof is a prerequisite.

The judgment should be reversed upon the law and facts, with costs, and the complaint dismissed, with costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.