JOSEPH C. DALINDA, Plaintiff, *v.* CARL ABEGG, Also Known as CARL ABEGG-STOCKAR and C. ABEGG-STOCKAR, Defendant.

Supreme Court, Special Term, New York County, January 7, 1941.

*Charles Gottlieb* [*George Moskowitz* with him on the brief], for the plaintiff.

*Milbank, Tweed & Hope* [*A. Donald MacKinnon, Carleton H. Endemann* and *Harland F. Leathers* of counsel], for the defendant.

McLaughlin, J. The defendant appears specially to vacate the order for service by publication and also to vacate a warrant of attachment dated July 15, 1940. The action is brought for a breach of contract made in Switzerland. The plaintiff seeks jurisdiction here by reason of this attachment. The defendant claims that the court was without jurisdiction to grant the order for service of the summons by publication and that service was not commenced within thirty days after the granting of the warrant. On the day the warrant was issued it was served upon Dominick & Dominick. On July 22, 1940, a copy of the warrant was served upon J. P. Morgan & Company, Inc. It is with respect to this second levy only that there is any issue, as the plaintiff in the brief submitted on his behalf states that no attempt will be made to justify the order of publication on the basis of the levy on Dominick & Dominick. As a matter of fact it is impossible to sustain either as no property of the defendant was attached. It appears that the property levied upon consisted of shares of stock in the accounts of Abegg & Co., a partnership. The plaintiff claims that some of the shares in the Abegg & Co. accounts were in the name of the defendant and indorsed. He, therefore, argues that even if the partner's interest is not attachable in the other shares, still those in his name are presumed to be his own property and, therefore, attachable. In determining this motion, it may be well to observe that recently the Legislature has wisely swept aside the technical objections here raised and which must be sustained, but the act went into effect after the transactions had been consummated. Any such levy would now be sustained. (Civ. Prac. Act, § 917, as amd. by Laws of 1940, chap. 625, effective Sept. 1, 1940.) We must read that section as it was before the change together with the pertinent provisions of the Partnership Law.

Paragraph (c) of subdivision 2 of section 51 of the Partnership Law provides that " a partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership." Section 50 of the same statute states that a partner in addition to his rights in specific partnership property possesses an interest in the partnership and section 53 authorizes the assignment of such interest. Section 54 authorizes a *judgment* creditor of a partner to obtain an order of the court charging the interest of the partner with payment of the unsatis-

fied amount of the judgment against him. There is no express provision authorizing the attachment *prior to judgment* of a partner's general interest in the partnership as distinguished from his right in specific partnership property. However, even if it be assumed that the partner's interest in the partnership, which is defined in section 52 to consist of " his share of the profits and surplus," may be attached prior to judgment, it seems clear that in order to reach the partner's interest in the partnership by attachment it is necessary to serve the warrant of attachment upon the partnership. It is from the partnership that the debtor partner will obtain his share of the profits and surplus, if there be any. However, the plaintiff has attempted to attach the defendant's interest in the partnership of which he is a member by serving the warrant of attachment upon J. P. Morgan & Company, Inc., which holds specific property for the account of the partnership. To permit the partner's interest in the partnership to be reached by such a levy would nullify the prohibition against attaching a partner's right in specific partnership property contained in paragraph (c) of subdivision 2 of section 51 of the Partnership Law (see *Matter of Rader* v. *Goldoff*, 223 App. Div. 455), as J. P. Morgan & Company, Inc., would then be required to hold the property of the partnership while the attachment remained in force. The ruling of the court is that no valid levy upon the defendant's interest in the partnership was effected through the service of the warrant of attachment upon J. P. Morgan & Company, Inc.

The ruling would be the same even if the Swiss law relating to partnerships, rather than our own law, were applied to the present controversy. The affidavits submitted by plaintiff's expert reveal that the Swiss Civil Code provides that the personal creditors of a general or limited partner are not entitled to recourse to the partnership assets to satisfy or secure their claim and that execution can be had only against the partner's interest on capital, share of the profits, share of the surplus after liquidation and compensation, if any, due from the partnership. These provisions are similar to those of our Partnership Law. Assuming that the general interest of a partner would be subject to the remedy of " arrest " under Swiss law, which corresponds to our attachment, it would seem that such interest could only be effectually attached by a levy upon the partnership itself.

It would appear that no valid levy was made upon the certificates of stock registered in the name of the defendant even if the claim of J. P. Morgan & Company, Inc., that they are held for the account of the partnership, be overruled. This is so for the reason that in order to make a valid levy upon such certificates

the sheriff should have taken them into his possession. (Pers. Prop. Law, § 174.) As the affidavit of Leonhard A. Keyes, vice-president of J. P. Morgan & Company, Inc., indicates, the latter held and still holds the certificates "free of all liens and encumbrances." There was, therefore, no valid excuse for the sheriff's failure to demand and to actually take the certificates into his custody as required by subdivision 2 of section 917 of the Civil Practice Act as it read prior to the amendment effective September 1, 1940.

No valid levy having been made upon property of the defendant within this State, it is unnecessary to consider the various other points made in support of the present motion. The motion is granted and the order of publication and warrant of attachment are vacated.