Anthony J. Di Giovanna, J.
The City of New York applies pursuant to section 54 of the Partnership Law for a charging order upon the interest of Antonio Bencivenga in the partnership of B & M Hauling Co. Respondents cross-move to vacate two warrants filed by the City of New York, one in the sum of $4,000 for sales tax dated June 6, 1952, and one in the sum of $500 for business tax dated October 8, 1952.
The record herein reveals the following pertinent facts in chronological order:
On October 31, 1949, Paul Lipson, trading as K & S Auto Sales in the borough of Brooklyn, made a bulk sale of his used car business to the respondent, Bencivenga.
On November 18,1949, after the sale had taken place, the attorney for Mr. Bencivenga, Julius A. Feingold, Esq., notified the comptroller’s office that the sale had taken place and requested that all notices be sent to him as attorney for the purchaser. (This letter was not timely notice within the bulk sale provisions of the Administrative Code, ch. 41, tit. N, § N41-11.0; tit. R, § R41-10.0, or within Personal Property Law, § 44, which required notice of the proposed sale at least 10 days before the purchaser takes possession of the personal property involved.)
On November 28, 1949 a notice of claim for taxes was sent to both the seller and the purchaser by the City of New York pursuant to chapter 41 of the Administrative Code.
Annexed to the moving papers herein is a photostatic copy of such notice of claim and the registered return receipt signed by Julius A. Feingold, the attorney for the purchaser.
On May 25, 1951 a final determination was made and forwarded to both seller and purchaser as a result of the failure of either or both of them to communicate with the bulk sales unit of the comptroller’s office. This determination assessed the seller and the purchaser in the sum of $4,000 sales tax and $500 business tax *31 pursuant to the provisions of section N41-7.0 of title N and section R41-6.0 of title R of chapter 41 of the Administrative Code.
On June 14, 1951 the purchaser requested the comptroller for a hearing.
The seller, Paul Lipson, did not request a hearing and consequently on July 5, 1951 the determination against him became final in accordance with section N41-7.0 and section R41-6.0 of the Administrative Code.
On July 19, 1951, pursuant to the foregoing sections, a warrant was filed against seller, Paul Lipson, in the amount of the final determination. Thereafter on August 16, 1951 the seller requested a hearing of the comptroller and although such request was not timely, a hearing was fixed for October 15,1951. This was adjourned to December 27, 1951 but Lipson failed to make any appearance.
In view of the failure of the comptroller to succeed in adjusting this matter with the seller, the comptroller then proceeded to take the matter up with the purchaser, Antonio Bencivenga, and with that end in view notified the latter on April 4, 1952 that a hearing would be had on May 2, 1952.
The purchaser failed to appear on the date fixed and accordingly, the assessment against him became final on May 20, 1952. A copy of the “ final determination ” was mailed to the purchaser.
The purchaser having failed to pay the amount of the final determinations, warrants thereof were docketed against him in the office of the Clerk of Kings County on June 6, 1952 and on October 8,1952 pursuant to sections N41-11.0 and R41-10.0 of the Administrative Code, which docketing gave the said warrants the force and effect of a judgment.
On June 14 Mr. Bencivenga again requested a hearing and under date of July 7, 1952 the comptroller, despite the earlier default, informed Mr. Bencivenga that he would be granted a hearing on August 4, 1952. This hearing was later adjourned to September 2, 1952. Mr. Bencivenga again failed to appear at this hearing.
On February 17,1953 Mr. Bencivenga was served with a subpoena in supplementary proceedings and on the return day thereof his default was duly noted by the court.
Subsequently Alvin H. Kaufer, Esq., tax counsel in the office of the corporation counsel, whose affidavit is included in support of the city’s application, received a telephone call from an attorney for Mr. Bencivenga, Harris Birnbaum, requesting adjournment of the supplementary proceedings in order that the matter might be adjusted with the comptroller and/or the city collector. In order to facilitate matters a stipulation of adjournment was entered into.
On the adjourned date Mr. Bencivenga again failed to appear and his default was again duly noted. Instead the corporation counsel’s *32 office was served with an order to show cause returnable March 26, 1953 seeking the same relief prayed for in the present cross motion, namely, the vacation of the warrants against the judgment debtor. Said order to show cause was adjourned from time to time by counsel for both sides with the understanding that Mr. Birnbaum would attempt to settle the matter in the comptroller’s office. In each instance it was Mr. Birnbaum who answered the calendar and took care of the adjournments. It appears that the last day that this motion was on the calendar was on June 9, 1953 and on that day, Mr. Birnbaum, having failed to appear, the motion was marked off the calendar.
While that motion was still undisposed of, the city collector received a letter, this time from Mr. Bencivenga’s accountant, Aaron Siegal, requesting a hearing. Under date of May 5, 1953 a communication was sent to Mr. Siegal informing him that he could have a hearing on May 20, 1953. Thereafter, on June 10, 1953, at the instance of the purchaser, Paul Lipson, the seller, appeared at the comptroller’s office to be examined and as a result thereof signed a consent and waiver indicating that the deficiencies for sales and/or business taxes, including interest and penalties, amounted to $1,957.75. Thereafter Mr. Lipson caused the reduction of that sum to $1,817.75, with interest from June 6, 1952.
It is here to be noted that although the original warrant is for the sum of $4,500, the city only seeks to collect the balance due pursuant to the consent and waiver.
Pursuant to subpoena in supplementary proceedings theretofore issued, the purchaser Bencivenga appeared on December 17, 1953 at the office of the corporation counsel and was examined. A copy of that examination is attached as an exhibit to the moving papers. It is here to be noted that there is no basis for the assertion made by Mr. Birnbaum in his affidavit to the effect that Mr. Bencivenga did not understand the nature and purport of this examination. A study of that examination shows it was taken in longhand and that Mr. Bencivenga initialled each page thereof; that he swore to the same before a notary public in the office of the corporation counsel. In any event, there is no contention made by Mr. Bencivenga that any entry stated in the examination was untrue. That examination reveals that Mr. Bencivenga is a partner in a going business together with the respondent, Sebastian Mondrone, doing business as B & M Hauling Co.
It also appears that the warrant of October 8, 1952 in the sum of $521.15 has been satisfied and that the only outstanding warrant which the city seeks to enforce is the warrant docketed on June^6, 1952.
*33 In view of all the foregoing, it is crystal clear that the claim asserted by the city is valid and the warrant docketed has the full force and effect of a judgment obtained in accordance with the provisions of the applicable sections of the Administrative Code of the City of New York.
The procedure followed herein to reach the judgment debtor’s interest in the partnership property is specifically authorized by section 54 of the Partnership Law. (See Matter of Rader v. Goldoff, 223 App. Div. 455; Geitner v. United States Fidelity & Guar. Co., 225 App. Div. 451; Matter of Lefkowitz, 250 App. Div. 733.)
Accordingly, the application of the petitioner is granted to the extent of charging the interest of the judgment debtor, Antonio Bencivenga, in the partnership of B & M Hauling Co. with payment of the unsatisfied amount of the judgment, to wit, the sum of $1,817.75, with interest thereon from June 6, 1952 and that a receiver be appointed of the share of the profits of Antonio Benci-venga and of any other money due or to fall due to him in respect of the partnership in accordance with section 54 of the Partnership Law. The court has in mind the request by the movant for a direction that the receiver be granted full power to sell the interest of Antonio Bencivenga in the partnership, but denies that request at this time without prejudice to an application therefor at some future date upon a showing of the necessity for such foreclosure.
With respect to the cross motion, suffice it to say that neither a renewal of the abandoned order to show cause seeldng to vacate the warrants involved herein, nor the present application for the same relief can be granted. Under the provisions of section N41-10.0 of the Administrative Code, the exclusive remedies available to any person for the review of tax liability imposed by sections N41-7.0 and N41-8.0 is by proceeding under article 78 of the Civil Practice Act provided the application therefor is made to the Supreme Court within 30 days after giving notice of the final determination of the tax assessed.
Accordingly, the cross motion is denied.
Settle order on notice providing for the appointment of Benjamin Spector, Esq., of 150 Nassau Street, borough of Manhattan, city of New York.