■ In the Matter of JUDITH GORDON, Respondent, against SOLOMON GORDON, Judgment Debtor. BERNARD F. KASS, as Receiver of the Law Partnership of GORDON & KASS, Appellant.— Appeal from an order denying the motion of appellant, who had been appointed receiver in an action for dissolution of an alleged law partnership consisting of himself and respondent's judgment debtor, to vacate and modify third-party subpoenas in supplementary proceedings which had been issued at the instance of respondent, and for further relief. Order modified by inserting in the ordering paragraph, between the words "is" and "denied", the following: "granted to the extent that the subpoena directed to Bankers Indemnity Insurance Co., dated October 27, 1955 and all similar subpoenas directed to Utica Mutual Insurance Company, The American Insurance Group, and The Travelers Insurance Company, are vacated to the extent that they require production of files of matters in which Gordon & Kass are attorneys or counsel for any claimant or plaintiff, without regard to any name or names which may be set forth in any of the subpoenas as the party or parties against whom any of the claims were made or against whom any of the actions were brought; and the motion is otherwise". As so modified, order affirmed, without costs. Execution may not be issued against a judgment debtor's right as a partner in specific partnership property (Partnership Law, § 51, subd. 2, par. [c]), and therefore service of a third-party subpoena in supplementary proceedings upon a third party with respect to dealings with the partnership, with contemporaneous effectuation of the injunctive provisions of section 781 of the Civil Practice Act, is improper and should be vacated (see Matter of Rader v. Goldoff, 223 App. Div. 455). The order appointing appellant receiver apparently was made on a tentative assumption that a genuine partnership had existed, and the interests of justice would seem to be served if respondent were

not permitted to interfere with appellant's lawful activities as receiver. Wenzel, Acting P. J., Ughetta, Hallinan and Kleinfeld, JJ. concur; Beldock, J., dissents and votes to affirm, with the following memorandum: Respondent claims that the cases in which she served subpœnas were those of the judgment debtor and not those of the partnership. The burden is on appellant to prove that these cases are partnership assets. It may not be said on this record that he has sustained that burden. Whether or not the partnership is a reality with respect to other cases is immaterial on this appeal. In one matter as to which there was a hearing before an Official Referee, a finding was made that the case belonged to the judgment debtor, although prosecuted in the name of the partnership. If there is not affirmance, the utmost relief that should be granted to appellant is to remit the matter for hearing to determine whether the specific cases in which the subpœnas were issued belonged to the judgment debtor, as respondent claims, or to the partnership, as appellant claims.