WESTERN INDEMNITY CO. v. MURRAY.*
(No. 913.)

(Court of Civil Appeals of Texas. El Paso. Jan. 30, 1919. Rehearing Denied Feb. 20, 1919.)

1. INSURANCE ⊂⊃146(3) — BONDS — CONSTRUCTION.

Where a surety bond is fairly open to two constructions, one of which will uphold and the other defeat claims against the surety, that which is most favorable to claimants will be adopted.

2. MUNICIPAL CORPORATIONS ⊂⊃703(1) — JITNEYS — BONDS — CONSTRUCTION.

Though city ordinance for the licensing of operators of jitney busses required such operators to file a bond in the amount of $1,000 conditioned on payment of all damages from negligence, etc., declared that in no event should the sureties be liable for more than the amount of the bond, yet, where a bus operator filed two bonds each in the amount of $1,000, the liability of the sureties is not restricted to $500

each, and in event of a judgment for more than $2,000 against the operator, surety is liable to the full amount of the bond, though the other surety had paid $900 in compromise of the claim against him.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Margaret Murray against the Western Indemnity Company and others. From a judgment for plaintiff for part only of the recovery sought, the named defendant appeals, and plaintiff cross-appeals. Judgment rendered for plaintiff on the cross-appeal.

Ware & Norcop and C. H. Kirkland, all of El Paso, for appellant.

E. M. Whitaker and Ponder S. Carter, both of El Paso, for appellee.

HARPER, C. J. Margaret Murray brought this suit, as the surviving wife of Harry Murray, against certain railway companies comprising the El Paso & Southwestern System and E. Martinez, the latter alleged to be the owner and operator of a jitney bus, for damages for negligent killing of her husband, and joined as defendant the appellant, Western Indemnity Company, and seeks to recover the full amount of an indemnity bond for $1,000 executed by the latter company for the purpose next detailed.

Martinez, being desirous of operating a jitney bus in the city of El Paso, it became necessary for him, because required by city ordinance, to secure a license, and to secure a license it was required that he file with the city clerk a bond in the sum of $1,000. This bond was filed by appellant. The condition of said bond is that:

"Said Martinez * * * should make prompt and faithful payment of all damages which he and the said indemnity company or either of them should * * * be condemned to pay on account of injury to the person or property of any other person by reason of the negligence of the said Martinez or his agents or employés, etc., in connection with the operation of the jitney bus."

The appellant for defense says: That defendant, Martinez, in addition to the bond sued on and subsequent, executed a similar bond with the Maryland Casualty Company as surety, and filed it with the city clerk; that the latter company thereby became a cosurety with this defendant for the bond to satisfy the requirements of said ordinance.

That the Maryland Casualty Company has since the institution of this suit paid the plaintiff herein the sum of $900 in consideration of a release of all its liability for damages claimed in this suit, and that it operated as a credit in that amount upon the bond sued on. Therefore it, Western Indemnity Company, is only liable for the sum of $100 in case a recovery be had against said Martinez.

Before trial, the railway companies compromised with plaintiff, and paid $3,000 for a release of her claim against them.

The case was submitted to a jury upon special issues as against Martinez. The jury found that Martinez' negligence was the proximate cause of the death, and assessed the damages at $10,000, and upon this verdict the trial court entered the following judgment:

"That Margaret Murray recover of the Northeastern Railway Company $3,000; that this compromise with the railroad companies is in no way to act as a release or discharge of defendant, Martinez, or the Western Indemnity Company. It appearing that the claim against the Maryland Casualty Company had been compromised and $900 paid, and it further appearing that the Western Indemnity Company and the said Maryland Casualty Company were cosureties upon the obligation of Martinez, * * * it is ordered and decreed that plaintiff recover one-half or $500 of the defendant Western Indemnity Company."

From which the latter appealed, and has assigned one error, viz:

"The court erred in entering judgment for $500 against the Western Indemnity Company * * * because, the plaintiff having received $900 from the Maryland Casualty Company on account of the same injury, the city ordinance and the terms of the bond limited the liability of the surety or sureties to $1,000."

The propositions are:

(1) The two companies were cosureties to each other.

(2) the city ordinance, reading as follows:

" * * * Which bond shall be in the sum of $1,000.00 for each vehicle that such applicant shall be licensed to operate * * * but in no event shall the surety or sureties thereon be liable for more than the amount of such bond"

—limited the amount which may be recovered to the amount fixed. (3) Therefore the court should have allowed appellant credit for $900 paid by the Maryland Casualty Company, its cosurety, and have rendered its judgment for plaintiff for only $100.

[1, 2] These indemnity companies have executed separate and distinct bonds for distinct amounts. The purpose of these bonds was to indemnify—not the city, but all persons who, by reason of the negligence of the principal (Martinez) might thereafter suffer damages in person or property, and in case the principal defaulted. The purpose of this defendant's bond filed with the city, in addition to the above, was that a license might be issued, permitting its principal to operate a jitney bus upon the streets of El Paso, and this bond alone served that purpose, for upon it the license was issued. It therefore seems evident that the act of executing and filing

the bond of Maryland Casualty Company was for the purpose of an additional $1,000 indemnity to persons suffering damages. The clause in the city ordinance that "in no event shall the surety or sureties thereon be liable for more than the amount of such bond," if it has any legal effect, it is no more than the restrictions placed upon obligations of like character by the law. No one is held to pay more than the amount of his obligations. The question here is: Do these bonds obligate the two companies to pay the sum of $1,000 and no more? "Where the bond is fairly open to two constructions, one of which will uphold and the other defeat the claim of the insured, that which is most favorable to the insured will be adopted." R. C. L. § 201, vol. 21, p. 1162. American Surety Co. v. Pauley, 170 U. S. 133, 18 Sup. Ct. 552, 42 L. Ed. 977. There is no reason why this rule should not be applied to the facts of this case.

The appellant by the provisions of this bond bound itself to pay $1,000 in case of default of its principal—the latter defaulted to the extent of many thousand dollars. Its obligation is in no sense a joint undertaking with the Maryland Casualty Company, but is separate and distinct. Therefore the fact that the latter afterwards executed a similar bond could not relieve defendant from paying the full face of its bond so long as any amount for which Martinez is liable is left unpaid.

The rule of contribution might apply as between appellant and the Maryland Casualty Company, if the amount of default had not been more than $1,000, but where, as in this case, there are two separate and distinct bonds, each supported by its own monthly payments of premium, the assured, the person injured, must be held to be entitled to recover upon both up to the amount of the bonds if the liability and default is that much. It follows that appellee is entitled to judgment here, upon his cross-assignment, for $500 in addition to that given by the trial court.

The judgment of the trial court is therefore here rendered for $1,000.