RALPH C. JACOBS, Appellant, v. MARYLAND CASUALTY
COMPANY, Respondent.

Third Department, November 16, 1921.

**Insurance — automobile insurance — policy insuring partnership
against accidents — injuries to plaintiff caused by automobile
operated by employee of partnership — judgment recovered and
execution issued against individual partner — insurer not liable
where execution returned unsatisfied.**

An action cannot be maintained against an insurance company on an
accident insurance policy in favor of a partnership conducting a garage,
by a person injured by an employee of the partnership while operating
one of its automobiles, under a policy providing that in case of a recovery
of a judgment against the insured and the return of an execution unsatis-
fied because of insolvency or bankruptcy of the insured, an action may
be maintained by the injured person against the insurance company
for the amount of the judgment not exceeding the face of the policy,
where it appears that the original action was brought and prosecuted
against an individual member of the partnership; that the judgment
was against him individually, and that the execution was issued against
said partner individually and not against the partnership.

JOHN M. KELLOGG, P. J., dissents in part, with opinion.

APPEAL by the plaintiff, Ralph C. Jacobs, from a judgment
of the Supreme Court in favor of the defendant, entered in
the office of the clerk of the county of Rensselaer on the 7th
day of February, 1921, upon the dismissal of the complaint
on the merits at the close of plaintiff's case, and also from
an order entered in said clerk's office on the same day directing
the dismissal of the complaint upon the merits.

*John P. Taylor* [*Thomas S. Fagan* of counsel], for the
appellant.

*William E. Fitzsimmons* [*A. M. Sperry* of counsel], for the
respondent.

VAN KIRK, J.:

This plaintiff recovered a judgment in an action which he
brought against Thomas F. Slavin for injuries which he
suffered by being run over by an automobile in the city of

Troy.   An execution was issued thereon against Thomas F. Slavin and was returned unsatisfied.   Thereupon the plaintiff brought this action against this defendant, Maryland Casualty Company, alleging, among other things, that on April 10, 1919, this defendant issued to Thomas F. Slavin a certain policy of insurance known as a " garage liability policy " No. P1078, wherein the defendant, among other things, agreed to indemnify Thomas F. Slavin for damages on account of bodily injuries caused by any automobile owned or operated by the said Thomas F. Slavin, and the policy included all work incidental and necessary to the conduct of the business of Thomas F. Slavin, of operating an automobile garage, including the operation of any style, type or make of automobile for all purposes in such business and for pleasure use; that if judgment be recovered against Thomas F. Slavin for injuries covered by the policy and execution issued against the insured be returned unsatisfied, an action may be maintained by the injured person against this defendant for the amount of the judgment, not exceeding the amount of the policy; that plaintiff brought action against Thomas F. Slavin for his injuries and recovered a judgment in the sum of $7,500; that an execution was issued against Thomas F. Slavin and returned unsatisfied.   All of the allegations of this complaint were denied, except that the plaintiff recovered a judgment against Thomas F. Slavin and that execution upon the judgment against Thomas F. Slavin was issued and returned unsatisfied.   The plaintiff was permitted to amend the complaint to conform to the proof " in regard to alleging a partnership, and that the policy was issued to the partnership."   At the trial it was established that Thomas F. Slavin and son, Leo Slavin, were copartners in a garage business in the city of Cohoes under the firm name of " Thomas F. Slavin & Son; " the automobiles, tools and supplies were furnished to the copartnership by Thomas F. Slavin; among these automobiles was a Pierce Arrow car, No. 087569, which is the automobile which occasioned the injuries to plaintiff, on account of which he recovered judgment against Thomas F. Slavin.   Leo Slavin was in direct management of the garage business and the profits, or net earnings, were to be divided between the two copartners; Edwin Slavin, a brother of Leo, under eighteen years of age, was an employee of Thomas S.

Slavin & Son; he was driving a car, which was then the property of the copartnership, when this plaintiff was run down, on November 22, 1919, and suffered the injuries of which complaint was made. The insurance policy was put in evidence.

At the close of the evidence the defendant moved for a dismissal of the complaint on the ground that the policy of insurance introduced in evidence and depended upon by the plaintiff for relief is not contemplated in the pleadings, nor was it mentioned or alleged, nor was any proper foundation shown for it, either by way of pleading or of the testimony in this action; that the policy of insurance was issued to Thomas F. Slavin & Son, a copartnership, and this complaint is based upon a judgment recovered against Thomas F. Slavin personally; that the basis of this action, in addition to that already mentioned, is an execution returned unsatisfied, issued against Thomas F. Slavin and not against Thomas F. Slavin & Son, the party insured by the policy introduced in evidence in this action; that the plaintiff has not proved the cause of action alleged in the complaint, or any cause of action. The defendant also excepted to the ruling of the court permitting the plaintiff to amend his complaint, on the ground that it is not an amendment, but rather a substitution of a new and entirely different cause of action.

The court allowed the complaint to be amended, as before stated, but dismissed the complaint.

The copartnership of Thomas F. Slavin & Son consisted of Thomas F. Slavin and his son Leo Slavin. The injuries to this plaintiff were caused by an automobile belonging to the copartnership and driven by an employee of the copartnership, from which facts the fair inference is that it was at the time of the injuries being operated for the copartnership and in its business. If the copartnership is liable, each member of the copartnership is individually liable and an action may be maintained against a member of the copartnership as joint tort feasor. (*Matter of Peck,* 206 N. Y. 55.) An indemnity policy of insurance issued to the copartnership covers the member of the copartnership in respect to his individual liability for a tort of the copartnership, but it does not cover him for a tort committed by him or his employee in his private

affairs; that is, apart from his partnership affairs. (*Hartigan* v. *Casualty Co. of America,* 227 N. Y. 175.)   The record does not disclose clearly whether, in the action in which this plaintiff recovered the judgment against Thomas F. Slavin, the case was prosecuted on the theory that a tort was committed by the copartnership and Thomas F. Slavin was liable as an incident to his partnership relation, or whether it was prosecuted against him as the owner of the car and individually apart from the partnership relation.   The complaint before amendment alleged that the insurance policy was issued to Thomas F. Slavin.   But, in any event, the judgment went against him as an individual and the execution was issued against him as an individual and not against the copartnership or its property.

The terms of the insurance contract are not ambiguous and the construction thereof is for the court   This insurance contract is the so-called " accident insurance policy," the intent and purpose of which was to indemnify the insured against demands made upon it for injuries received by reason of the alleged negligence.   It was not in the form of a guaranty or insurance first to another party, who might be injured, that his demand should be paid, but the policy contained a provision which defined the conditions under which such other party could have a cause of action.   This provision in the contract (under which this action is sought to be maintained) is as follows:  " The Insolvency or Bankruptcy of the Insured hereunder shall not release the Company from the payment of damages for injuries sustained or loss occasioned during the life of this Policy, and in case execution against the Insured is returned unsatisfied in an action brought by the injured * * * because of such insolvency or bankruptcy, then an action may be maintained by the injured person * * * against this Company under the terms of this Policy, for the amount of the judgment in said action not exceeding the amount of this Policy."

An execution against one copartner may be levied upon the interest of that copartner in the copartnership property, but not upon the copartnership property as a whole.   Under a levy upon one copartner's interest and a sale thereof, the purchaser takes the property subject to the rights of copartners

and of creditors and subject to an accounting. In the end the judgment creditor can obtain only such share of a surplus which may remain after copartnership debts are paid and the accounts between the copartners have been settled. (*Atkins* v. *Saxton*, 77 N. Y. 195, 199.) An execution against a copartner as an individual is not the equivalent of one against the copartnership. The return of such an execution unsatisfied is not an execution against the insured (the copartnership) returned unsatisfied, nor is it proof of the insolvency or bankruptcy of the copartnership which is insured. The provision of the policy last above quoted contemplates an action and resulting judgment against the insured, the copartnership, and the return unsatisfied of an execution issued against the copartnership.

We do not think it necessary to present or discuss the other questions argued.

We conclude, therefore, that the plaintiff did not establish facts sufficient to constitute a cause of action, and that the order and judgment appealed from should be affirmed, with costs.

COCHRANE, H. T. KELLOGG and KILEY, JJ., concur; JOHN M. KELLOGG, P. J., voted for modification with a memorandum.

JOHN M. KELLOGG (for modification):

The insurance company owed loyalty and good faith to the assured, and when it undertook, under its policy, to defend the action in Slavin's behalf, he alone being sued, it should have raised any objection which was necessary to protect the assured as well as itself. The accident was not caused by the negligence of either partner, but by the negligence of an employee of the firm. The rule of *respondeat superior* makes the firm liable for the accident. The insurance company, in defending the action brought against Slavin, owed him and the firm the duty of insisting that the action should proceed against the firm, but it had the right at its election to waive that point and assume that the action against him was in fact an action against the firm, and having waived it by not raising the question (Code Civ. Proc. § 499), the judgment should have the same force and effect against it as if the

proper parties had been before the court. This defendant may have thought that it was not necessary that the infant partner be joined in the action. (4 R. C. L. 293, § 59.) But in my judgment that view is erroneous. (*Whittemore* v. *Elliott,* 7 Hun, 518.) The defendant is not now in a position upon the evidence to claim that the judgment and execution were not against the firm, for if it had done its full duty to its principals such result would have followed. The waiver was complete before the defendant insurance company sought to withdraw from the defense of the case. Just before the trial it refused to go on with the defense, not because it was not an action against the partnership, but because it claimed that the automobile was driven by an infant at the time of the accident. But when it sought to withdraw from the action, the rights of the parties had been fixed and it had effectually waived the non-joinder of the son. It had so managed the case up to that time that thereafter the plaintiff could not obtain a judgment and execution against the firm, and by its improper practice, unless we are right in our views, it had effectually saved itself from a liability which should have fallen upon it. It was saving itself by sacrificing the interests of its policyholders and the plaintiff by neglecting a duty it owed to the assured.

The case should not be disposed of on the point raised in the prevailing opinion, but should turn upon the question whether the defendant is freed from liability because the driver of the car was under the age of eighteen years. The policy provides: " This policy does not cover any accident to, or caused by any child employed by the assured contrary to law, or to any child employed under sixteen (16) years of age where no statute restricts the age of employment." The only evidence as to the cause of the accident was that of the plaintiff when he says that he was run down by the automobile in question. The boy was driving it; this does not necessarily show whether or not the accident was caused by him; there may have been a defect in the automobile or there may have been other causes. The interest of justice requires that there be a new trial so that the facts may fully appear. Upon the trial it was proved, without objection, that the former action was defended and the answer interposed by the defendant's

attorney in this case, who was then representing this defendant. (*Feinberg* v. *Allen*, 143 App. Div. 866; 208 N. Y. 215.)

The judgment and order should be modified by striking therefrom the provision that the complaint is dismissed upon the merits and that the defendant recover costs of the plaintiff, and in lieu thereof inserting as follows: " From the evidence it cannot be determined whether or not the defendant is liable, and in the interest of justice a new trial is ordered, with costs. to the appellant to abide the event," and as modified affirmed, with costs to the appellant to abide the event.

Judgment and order affirmed, with costs.