## ENGLER v. HATTON. (No. 3502.)

Court of Civil Appeals of Texas. Texarkana.
Feb. 3, 1928.

Rehearing Denied Feb. 9, 1928.

1. **Appeal and error** &#x25cb;&#x2192;1036(2)—**Refusal to rule on indemnity company's exceptions to being made codefendant until end of evidence held not prejudicial to automobile owner.**

In action for injuries from being struck by automobile, trial court's refusal to rule on exceptions of indemnity company insuring automobile owner against being made party defendant until all evidence had been adduced, whereupon indemnity company was dismissed from suit, was not so prejudicial to automobile owner as to require reversal of judgment against him.

2. **Trial** &#x25cb;&#x2192;133(6)—**Asking questions concerning automobile policy insuring owner sued for injury to which objections were sustained, with admonition to jury, held not reversible error.**

In action against automobile owner for injury from being struck by automobile, questions asked witness as to provisions of policy insuring owner, to which objections were sustained, with admonition to jury not to consider questions nor to matter to which they referred, did not constitute error requiring reversal of judgment against automobile owner.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by Mrs. Ida Hatton against F. L. Engler and the Indemnity Company of America, dismissed as to the last-named defendant. From a judgment for plaintiff, the first-named defendant appeals. Affirmed.

See, also, 296 S. W. 328.

Hall, Scott, Casey & Hall, of Marshall, for appellant.

S. P. Jones, of Marshall, for appellee.

WILLSON, C. J. The appeal is from a judgment against appellant F. L. Engler in favor of appellee, Ida Hatton, for $7,500 as the damages she was entitled to because of injury to her person proximately caused (a jury found) by negligence of appellant in the operation of an automobile. It appeared from the testimony heard at the trial that on January 18, 1926, appellee, exercising due care, was walking along a public street in the city of Marshall, when appellant, in backing his automobile across the street, knocked her down and ran over her.

Appellee's suit was also against the Indemnity Company of America, alleged to be "a body politic organized under the laws of a state other than Texas." It was alleged that appellant was not a resident of this state, and that he was insolvent, but carried a policy in the sum of $10,000 issued by said indemnity company and covering such injuries as were inflicted by him on appellee, "and inuring (quoting) to the benefit of the plaintiff (appellee) or other persons who might be injured by the operation of the said car by the said defendant Engler."

[1] By special exceptions in its answer, the indemnity company questioned the right of appellee to join it in her suit against appellant. The court forebore ruling on the exceptions until the evidence of the parties had been adduced at the trial, when he sustained same and dismissed the indemnity company

from the suit. Appellant insists the court should have ruled on the exceptions promptly when they were presented to him, and that his action in delaying such ruling until the evidence in the case was before the jury was so prejudicial to his rights as to entitle him to a reversal of the judgment. The contention is overruled. Even if the exceptions had been appellant's, instead of the indemnity company's, we think the court's delay in ruling on them would not be a reason for reversing the judgment.

[2] Another contention on this appeal (and the only other one) is with reference to questions as to the contents of the insurance policy issued by the indemnity company to appellant, propounded by appellee to one of appellant's attorneys testifying as a witness. It appears in the record that the objections to the questions were sustained, and that the court instructed the jury not to consider same nor the matter to which they referred.

The judgment is affirmed.