### ENGLER v. HATTON. (No. 979—5123.)

Commission of Appeals of Texas, Section B.
Jan. 23, 1929.

See also (Civ. App.) 296 S. W. 328.

Hall, Scott, Casey & Hall, of Marshall, for plaintiff in error.

Jones & Jones, of Marshall, for defendant in error.

SPEER, J. This is a personal injury case instituted by Mrs. Ida Hatton, a widow, against F. L. Engler and the Indemnity Company of America to recover damages for an injury resulting from an automobile accident. The Indemnity Company was joined upon an allegation that it had issued its policy of insurance indemnifying the defendant, Engler, against liability for such accidents as contradistinguished from indemnity from loss by having paid a judgment for such injuries. The Indemnity Company pleaded a misjoinder of causes and parties for which it sought an abatement as to it, and after the evidence was completed the trial judge instructed the jury that he had sustained that defendant's exception, and the case was not submitted as to it. Upon answers to special issues submitted, the court rendered judgment for the plaintiff. That judgment was affirmed by the Court of Civil Appeals. 2 S.W.(2d) 519.

But two questions are presented in the application for writ of error by Engler, and these virtually merge into one. First, it is assigned that the Court of Civil Appeals erred in holding that it was not error for the trial court not to promptly sustain the Indemnity Company's plea in abatement, and the gist of the supposed error consists in the court's having admitted irrelevant, immaterial, and prejudicial evidence before the jury prior to the time he sustained the exceptions and dismissed the Indemnity Company. The Indemnity Company having been dismissed, and no one having complained of that dismissal, that matter as such is not before us.

The second assignment complains of the only real issue to be decided by us, and that is whether or not the action of the trial court in admitting the testimony of defendant's counsel when offered by plaintiff, with respect to the insurance policy issued by the Indemnity Company to plaintiff in error, was error.

The bill of exceptions upon which the assignment is predicated shows that counsel for the defendants was asked by counsel for the plaintiff concerning the insurance policy written by the Indemnity Company, and the witness objected that that was a privileged matter and declined to make answers with ref-

erence to it, unless the court required him to do so. The court sustained the objection, and upon further questioning concerning the possession and contents of the policy, the defendant Engler further objected that such testimony was immaterial and irrelevant to any issue in the case, that it was prejudicial to his rights, and was calculated to prejudice the jury against him and to lead them to believe that he carried a policy of insurance with the Indemnity Company of America for the protection of the plaintiff, and that a judgment rendered against him would be paid by his codefendant, the Indemnity Company of America. The court overruled the objections and admitted the testimony.

Ordinarily, it is reversible error, where a defendant is sued, to prove or otherwise make known to the jury that such defendant is protected against loss by an insurance policy. This is upon the theory that it is immaterial to any issue of defendant's liability that he is thus protected and the information imparted by such disclosure is calculated to prejudice his rights by a consideration of such extrinsic matter. But as said by Chief Justice Fly, in American Automobile Insurance Co. v. Struwe (Tex. Civ. App.) 218 S. W. 535, where in a writ was refused: "Cases cited in which reference to insurance on the part of the defendant is condemned during a trial have no applicability to a case in which misjoinder is being urged. Those cases condemn any reference to an insurance company where it is not joined in the suit, on the ground that it might increase the damages against the defendant as to whom an action is being prosecuted."

It may also be added that such unwarranted disclosures will sometimes work a reversal upon the issue of liability itself. But where the insurance company is sued and is before the court, in the nature of the case, evidence concerning its policy must of necessity be introduced, with the consequence that the fact of its existence will be known to the jury. A plaintiff has the right to introduce all evidence bearing upon any issue made against any defendant in the case, and if the evidence should be restricted, this is a matter to be controlled by instructions from the court. At the time the testimony complained of was heard by the jury, the insurance company was a party to the suit. There was therefore no reason why the evidence should not be heard as to it. If plaintiff in error conceived that his rights should be safeguarded against an improper consideration of such testimony, he should have requested appropriate instructions. In truth, in this case the court did direct the jury not to consider any of this testimony.

The case is not affected because the insurance company was later actually dismissed from the case. The court was called to rule upon the matter at the time the objections were made. They were then properly overruled for the reasons we have stated. If, after the insurance company went out of the case, the defendant Engler was unwilling to proceed further with such jury, it was at least his duty to present the matter in some appropriate way to the trial court, and he should not be permitted, with the knowledge he had, to speculate upon the verdict and in the event of an adverse decision to take advantage of the point. He has waived whatever right he had to a discharge of the panel and the substitution of another jury.

We do not put our recommendation upon the ground that the court's instruction to disregard the testimony cures any possible error, but rather we put it upon the ground there was no error in hearing the testimony, in view of the fact that at the time the insurance company was a party to the proceeding.

We therefore recommend that the judgments of both courts be affirmed.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.