## TEXAS LANDSCAPE CO. et al. v. LONGORIA et al.

No. 8424.

Court of Civil Appeals of Texas. San Antonio.

May 28, 1930.

Rehearing Denied July 16, 1930.

Birkhead, Beckmann & Standard, of San Antonio, for appellants.

Perry J. Lewis, H. C. Carter, Champe G. Carter, and Randolph L. Carter, all of San Antonio, for appellees.

COBBS, J.

Rosaura Longoria, Santiago Longoria, Jr., and Lusila Longoria, all minors, brought suit against Texas Landscape Company seeking damages arising from the death of their father, Santiago Longoria, Sr., who died as the result of injuries received in a collision between an automobile which the said Longoria was driving and an automobile of the Texas Landscape Company, operated by its employee, in the course of its business.

By an amended petition the plaintiffs impleaded, as a defendant in the suit, Employers' Liability Assurance Corporation, Limited, of London, England, alleging against that defendant that it had issued a policy of insurance to the defendant landscape company covering the automobile involved in the collision and that under said policy said assurance corporation contracted and agreed to pay and satisfy all judgments rendered against the Texas Landscape Company because of injuries or death inflicted by said automobile truck up to $10,000 for any one person, or $20,000 for two or more persons injured in any one accident. It was alleged that each of said plaintiffs were damaged to the extent of $5,000, and judgment was prayed for against both the defendants for plaintiffs' damages.

Defendant assurance corporation filed its plea in abatement to the suit, alleging that it was not a proper or necessary party to the suit; that the suit was prematurely brought; that plaintiffs' petition constituted a misjoinder of causes of action for tort and on contract; and finally that any reference to the alleged policy of insurance mentioned in plaintiffs' petition was prejudicial to the rights of the assurance corporation.

The defendant landscape company filed a plea of misjoinder, adopting the plea of the assurance corporation, and later filed an amended plea in abatement and of misjoinder, pleading that the insurer was not a proper or necessary party, that the suit against the assurance corporation was prematurely brought, and that plaintiffs' petition constituted a misjoinder of causes of action for tort against the defendant landscape company, with a cause on a contract against the defendant insurer, and that the mention of insurance in the suit was highly prejudicial to the rights of defendant landscape company.

The court overruled the pleas of both defendants.

Plaintiffs filed their second amended original petition, bringing in, as an additional plaintiff, one more minor, 19 years of age, Santiago Longoria, also alleged to be the son of deceased, who sued through his next friend and sister, Celia, for his damages, $500. The minor plaintiffs Rosaura Longoria, Santiago Longoria, Jr., and Lusila Longoria, sued through their next friends, T. B. Miranda and wife, uncle and aunt of said plaintiffs. It was alleged that they were of tender age, to wit: Rosaura, 7, Santiago, Jr., 4, and Lusila, 3, and that Rosaura had been damaged $4,500, and the other two $5,000 each.

The plaintiffs alleged, as in the earlier petitions, that the father of plaintiffs had died from injuries resulting from a collision between his truck and an automobile operated by an employee of the defendant landscape company, and it was alleged that said collision occurred on December 31, 1928, and that the defendant landscape company was negligent in that it operated its truck at an excessive and negligent rate of speed, that said truck was a commercial motor vehicle and weighed in excess of 2,000 pounds, and that it had been unlawfully operated at a speed in excess of 18 miles an hour. That said employee failed to keep a reasonably careful lookout, failed to give a timely warning and failed to keep said automobile under control and negligently caused said automobile to collide with the automobile in which deceased was riding.

As against the assurance corporation, plaintiffs alleged that it had issued a policy of insurance to defendant landscape company for the benefit of it and all persons killed or injured by the insured truck, and that under the policy said corporation was obligated to pay the injured persons or beneficiaries of killed persons, damages for personal injuries and death inflicted by said automobile truck operated by the landscape company; that under said policy of insurance the assurance corporation had contracted and agreed to pay and satisfy all judgments rendered against the landscape company because of such injuries or death up to $10,000 for one person or $20,-000 for two or more persons injured in any one accident, and that the policy covered the injuries inflicted upon the deceased father of plaintiffs; that said policy obligated the assurance corporation to defend all such suits brought against the landscape company, and that the assurance corporation was defending this suit for the landscape company; that the policy was in full force and effect, and that notice of the accident, claim, and said suit had been given. The plaintiffs sought damages against the landscape company for $15,-000 and against the assurance corporation for $10,000.

Each of the defendants renewed and filed its plea in abatement, and they were again overruled.

For answer to the merits, each defendant pleaded general denial and specially denied that the deceased had an earning capacity of $100 a month, as alleged by plaintiffs, and that the deceased had supported his minor children. Each defendant also pleaded that the accident resulting in Longoria's death was due to contributory negligence of the deceased; that the accident happened at the intersection of Olmos drive and Shook avenue, near San Antonio; that deceased was driving south on Shook, and that landscape company's employee was driving east on Olmos; that the accident occurred in the intersection; that deceased was driving his truck at an excessive and negligent rate of speed, and that deceased was driving his automobile on the left side of the street; that deceased did not have his truck under control and failed to slow down to a reasonable speed in view of the presence of the intersection; that deceased failed to sound a warning signal and failed to keep a reasonably careful lookout prior to entering the intersection and at the time thereof; that deceased approached the intersection from the north and the employee of landscape company approached the same from the west, and that the position of the two automobiles involved was such that the automobile of the landscape company was to the right of the automobile of Longoria, and that under the laws of Texas the employee of the defendant landscape company had the right of way and that deceased negligently failed and refused to yield the same.

The cause was tried to a jury upon special issues, and upon the answers of the jury the court awarded judgment against defendants, jointly and severally, in behalf of Lusila Longoria, $2,500, to Santiago Longoria, Jr., $2,500, to Rosaura Longoria, $2,500, and to Santiago L. Longoria, the 19 year old minor son, $10, together with interest and costs. Both defendants have appealed.

Appellants have filed a brief containing 232 pages, and containing 94 assignments and 45 propositions. The brief of appellee contains 77 pages.

It can be readily assumed that we have put in much time and labor in considering these two papers, in reading the same and examining the many authorities cited, and, after so doing, we have reached the conclusion that at last the facts are simple and present but few legal questions.

We shall not undertake to set out and discuss the numerous assignments and propositions of law, because we think but few assignments of error control this case.

■ Appellants have at length, page after page, discussed their pleas and insisted upon them. While the brief is strong and well presented, we cannot agree with appellants. In the first place we have not been able to find any merit in the main contention, that it was error to join in and sue the assurance corporation.

It appears from the terms of the insurance policy that it was written for the benefit of injured persons as well as the assured; therefore there can be no reason why the assurance corporation should not be made a party to this suit. In the case of Engler v. Hatton (Tex. Com. App.) 12 S.W.(2d) 990, it is held that a judgment against the assured should not be reversed even though the insurance company was improperly made a defendant in the trial of the case.

In passing upon such questions, as contended by appellee, our courts have largely been controlled by whether the insurance policy was one that merely provided indemnity against loss or whether it was a liability policy guaranteeing that the insurance company would assume and pay all liability of the assured, regardless of whether the assured was forced to pay or suffer any actual loss. This policy obligates itself "to pay and satisfy judgments rendered against the assured in legal proceedings defended by the Corporation and to protect the assured against the levy of executions against the assured."

So it appears that the assured does not have to pay the judgment first and then sue the insurance company for reimbursement; but the insurance company agrees "to pay and satisfy judgments rendered against the

assured" in the first instance. As soon as the judgment is rendered against the assured, the insurance company is bound under its policy to pay and satisfy the judgment. The policy clearly contemplates and provides that the payment will be made by the insurance company directly to the injured party, and provides for the payment whether assured has become a bankrupt or not, whether solvent or insolvent.

The right of appellees to sue the insurance company is not merely based on the insolvency clause, but upon the clause which expressly and unequivocally obligates the insurance company "to pay and satisfy judgments rendered against the assured in legal proceedings defended by the Corporation and to protect the assured against the levy of executions." Clearly the entire policy inures to the benefit of injured persons, who have the right to enforce its terms, so that the insurance company may be compelled to do what it has contracted to do. This policy is for the benefit of injured persons as well as for the assured, and the plaintiffs committed no error in making the insurance association a party to this suit.

In examining the cases we need go no further than a consideration of the case of American Auto Ins. Co. v. Struwe, 218 S. W. 534, by this court, writ refused. This is a very carefully considered case on the subject and often cited with approval. It has never been qualified or disapproved. People v. Brockman (Tex. Civ. App.) 153 S. W. 907, 909; Kerbow v. Wooldridge (Tex. Civ. App.) 184 S. W. 746; Sun Insurance Office v. Beneke (Tex. Civ. App.) 53 S. W. 98, 100. We think the courts have gone to the limit in reversing cases because insurance companies have been mentioned in cases where they were not made parties and the terms of the policy did not obligate them to pay to injured parties the judgment.

We think Justice Smith has very cleverly covered this question, speaking for this court in Lange v. Lawrence, 259 S. W. 261, 262. He states: "Of course there may be cases in which an insurance company's interest may be disclosed as an incident to legitimate inquiry into the facts of a case, as, for instance, where the agents of the insurance company testify in behalf of the insured, and their connection with the insuring company is brought out on cross-examination, or when the activities of such agents are so interwoven into the defense as to result in the disclosure of the company's interest, then the defendant ought not to be heard to complain of such disclosure. Such was the case in Carter-Mullaly v. Bustos, 187 S. W. 396, decided by this court. Nor will a judgment be reversed where the objectionable question is propounded, and it does not appear that it 'took' with the jury, and the evidence was such that no other judgment could have been rendered, anyhow, as was held by this court in [El Paso Elec-

tric] Railway v. Shaklee (Tex. Civ. App.) 138 S. W. 188."

The case at bar is one of a liability policy, where the insurance company becomes liable as soon as the assured is adjudged liable.

A careful examination of the decisions cited by appellants shows that they are cases of indemnity policies, where the insurance company was not compelled to pay until after the insured paid—simply an indemnity indemnifying the assured. 5 Texas Jurisprudence, 661, 662; 2 Blashfield, Cyc. of Automobile Law, 1919. In the following cases suit has been sustained against the insurance company and the owner of the car jointly: Stowers Furniture Co. et al. v. Bichon (Tex. Civ. App.) 254 S. W. 606; Western Indemnity Co. v. Berry (Tex. Civ. App.) 200 S. W. 245; Jones v. Roche (Tex. Civ. App.) 244 S. W. 227; Interstate Casualty Co. v. Hogan (Tex. Civ. App.) 232 S. W. 354; Lilienthal v. Motor Car Indemnity Exchange (Tex. Com. App.) 239 S. W. 906; Interstate Casualty Co. v. Martin (Tex. Civ. App.) 234 S. W. 710; Hemphill v. Romano et al. (Tex. Civ. App.) 233 S. W. 125; Western Indemnity Co. v. Murray (Tex. Civ. App.) 208 S. W. 696; Raymen v. Galvin (Mo. Sup.) 229 S. W. 747.

■ We do not think the verdict excessive. The deceased was 48 years old, and the three minor children were of tender age, 3, 5, and 7 years. Deceased was making from three to four and five dollars per day and was taking care of these three children. They lived at home with him, and he supported and clothed them. He was in good health and worked steadily at the store, was a good and kind father, and he took good care of them. Their mother was dead, and the care and support of those children rested upon their father, the deceased. The evidence shows that the deceased was earning from $3 to $5 per day, and certainly any able-bodied man is worth $3 per day, even as a day laborer. If he was earning $3 per day, which is the lowest estimate of his earnings in the evidence, and if he only worked 300 days in a year, this would amount to $900 in one year, or $20,100 in the period of his life expectancy. To say that the evidence does not authorize a finding that these children were damaged in the sum of $2,500 each by the death of their father is absurd. The fact that the 19 year old son, Santiago L. Longoria, was cut off with an award of $10 shows that the jury was not actuated by any prejudice or passion against the appellants, but was willing to award damages only where the evidence demonstrated that a real and substantial injury had been suffered.

■ The proposition of appellants that the jury finding, that the deceased was not negligent in failing to sound a warning signal, is against the weight of the evidence, that the finding is not supported by any evidence, and that the finding was dictated by sympa-

thy for plaintiffs and passion against defendants, is clearly multifarious, and is overruled. Appellants are estopped to complain of this issue or the finding thereunder because the issue was submitted to the jury at the express request of appellants, in the precise language requested by them. The special issue reads as follows:

"2. Was the failure of Santiago Longoria, deceased, to sound a warning signal negligence? Answer 'Yes' or 'No.'

"We, the Jury, answer ———.

"If you have answered the foregoing question 'yes' then answer the following question. If you have answered the foregoing question 'No' you need not answer the following question.

"2a. Did such negligence directly cause or contribute to cause the collision and the death of Santiago Longoria? Answer 'Yes' or 'No.'

"We, the jury answer ———.
    "Birkhead, Lang & Beckmann,
        "Attorneys for Defendants.
"Refused because copied in Main Charge.
        "W. S. Anderson, Judge.
        "District Court of Bexar County,
        "37th Judicial District of Texas."

There are many authorities holding that, where a party induced the court to submit the matter to the jury it cannot be heard to say that the evidence is insufficient to sustain the jury finding.

■ There was evidence to show that the Longoria truck was running slowly, not over 13 miles an hour, while the landscape company's truck was running from 35 to 50 miles per hour, that the Longoria truck had practically passed over the entire intersection and was struck on its right rear side, just as it was leaving the intersection, which supports the finding of the jury.

■■ Appellants again requested the court to charge the jury:

"4. Did Santiago Longoria, deceased, fail to yield the right of way at the intersection to the truck of Texas Landscape Company? Answer 'Yes' or 'No.'

"We, the Jury, answer ———.

"If you have answered the foregoing question 'Yes' then answer the following question. If you have answered the foregoing question 'No,' then you need not answer the following question.

"4a. Did such failure constitute negligence? Answer 'Yes' or 'No.'

"We, the Jury, answer ———.

"If you have answered the foregoing question 'Yes' then answer the following question.

If you have answered the foregoing question 'No,' then you need not answer the following question.

"4b. Did such negligence directly cause or contribute to cause the collision and death of Santiago Longoria, Sr.? Answer 'Yes' or 'No.'

"We, the Jury, answer ———.
    "Birkhead, Lang & Backmann
        "Attorneys for Defendants."

This, like the other charge, was a contention that deceased was guilty of contributory negligence as a matter of law. The jury did not find that deceased failed to yield the right of way, and it is unreasonable to assert that such failure was the cause of the accident. It was a defensive issue upon which appellants had the burden. It is apparent that the landscape company's truck did not have the right of way, and the failure, if any, to yield the right of way by deceased could not have been the proximate cause of the accident.

■ It is contended by appellants that the truck weighed 2,000 pounds, and that the statute which makes it unlawful to operate a commercial motor vehicle weighing over 2,000 pounds in excess of 18 miles per hour is unconstitutional and discriminatory. The statute involved is article 793, Rev. Crim. Statutes (Pen. Code) 1925. If the statute is valid, its violation constituted negligence per se, so the court was correct in submitting only the question of proximate cause.

■ It will be remembered that the jury found the driver of the landscape company's truck guilty of negligence in failure to keep a proper lookout and his failure to keep the truck under proper control, and these findings support the judgment. It may not be out of place to suggest that nine-tenths of the accidents are caused by the failure of the driver to keep his car under control. If that requirement were observed by both parties, there would scarcely ever be a serious collision.

The court charged the jury: "In connection with the foregoing question, the Court instructs you that a negligent rate of speed as used in said question means a rate of speed greater than the rate of speed at which an ordinarily prudent man would drive his truck under the same or similar circumstances."

Though we have not named and specially discussed all of appellants' assignments as such, yet we have read and carefully considered each one, and finding no error assigned that calls for a reversal, they are each severally and specially overruled.

This leads to an affirmance of the judgment.