The judgment will be reversed, and the cause remanded.

## ÆTNA CASUALTY & SURETY CO. v. PARKER ROOFING CO.

### No. 8683.

Court of Civil Appeals of Texas. San Antonio.
Dec. 2, 1931.

Rehearing Denied Dec. 16, 1931.

Cunningham, Moursund & Johnson, of San Antonio, for appellant.

Spencer, Rogers, Lewis & Slatton, Terrell, Davis, McMillan & Hall, Hal Browne, and Jack R. Locke, all of San Antonio, for appellee.

FLY, C. J.

Appellee sued to recover from appellant as surety on a bond given by Guy C. Holder, Incorporated, as contractor to build a residence for E. R. Holland, Jr., to secure the proper construction of the house. Appellee was a subcontractor, and based its recovery on a certain stipulation in the bond to indemnify

subcontractors, materialmen and builders. The court tried the cause without the aid of a jury, and rendered judgment in favor of appellee for $2,827.

The facts show that Guy C. Holder, Incorporated, contracted to build a residence for E. R. Holland, Jr., in Olmos addition near San Antonio, and gave said Holland a bond to secure the faithful performance of the contract. The contract, so far as it is necessary to be considered in this opinion, is as follows:

"Now, therefore, for the purpose of securing the said E. R. Holland, Jr., and his heirs or assigns in the true and faithful performance of said contract, together with all of the covenants and obligations of the said Guy C. Holder, Incorporated, therein set forth, and to guarantee the true and faithful performance of said contract, and the payment of all claims of each and every sub-contractor, workman, laborer, mechanic and furnisher of materials against the said Guy C. Holder, Incorporated, Contractor, arising or growing out of said contract, as their interests may appear. * * *

"The conditions of this bond, however, are such that if the said Guy C. Holder, Incorporated, Contractor, shall truly and faithfully do and perform all and every the covenants and conditions of said contract and herein promised by it to be done, kept and performed, and shall truly and faithfully pay all claims of every and each sub-contractor, workman, laborer, mechanic and furnisher of material against it, growing or arising out of said contract, then in such event this obligation is to be and become null and void and of no further force or effect; otherwise to remain in full force and effect."

The testimony showed that the land on which the residence was erected was the separate property of Mrs. Holland, and that the residence was erected for and became the homestead of Holland and wife.

■■ The contract, we think, is plain and unambiguous, and it is apparent that the contract, as stated therein, was "for the purpose of securing the said E. R. Holland, Jr., his heirs and assigns in the true and faithful performance of said contract." That contract was made for the benefit of no one but the Hollands, their heirs and assigns, and, among other things, protected them from the claims for labor and material. There is no language in this contract that indicates a desire or intention on the part of the parties thereto to give security to any except the owners of the building. It is true that in construing such a contract every doubt as to what may have been intended must be resolved in favor of the insured as against the insurer, but that rule cannot, with justice, be expanded so as to include the claims of third parties, between whom and the parties to the contract there is no privity of contract in favor of any subcontractor or any one furnishing labor or material. No one furnishing labor or material had any claim, legal or otherwise, against the owners of the house and lot, and consequently the owners were not liable and needed no protection. This is admitted by the fact that the owners were not sued, but the suit was by the materialman directly against the insurance company, which had not in any way contracted to pay for such material.

In the case of National Bank v. Railway, 95 Tex. 176, 66 S. W. 203, 204, the Supreme Court construed the following language in a contract of indemnity: "Now, the condition of this obligation is such that, if the said above-bounden E. B. Evans and C. A. Hoshour shall well and faithfully pay to all laborers, mechanics, and material men, and persons who supply such contractors with provisions or goods of any kind, all just debts due to such persons, or to any person to whom any part of such work is given, incurred in carrying on such work agreed to be done and performed by the said above-bounden E. B. Evans and C. A. Hoshour, and also shall well and truly save and keep harmless the said Gulf, Colorado & Sante Fe Railway Company from the payment of any and all liens, claims, demands, costs, suits, judgments, and executions that may be made, taken, rendered, had, or obtained against the said Gulf, Colorado & Santa Fe Railway Company or its property by reason of the nonpayment of any of the debts, claims, or demands of any of the several parties hereinbefore mentioned and provided for, and shall duly perform and observe all the stipulations and agreements contained in said contract and on his part to be performed and observed," etc., and held that the contract did not inure to the benefit of materialmen, but was for the benefit of the parties alone. That contract is fully as strong, if not stronger, in favor of materialmen as the one we are considering, and the terms were confined to the parties who signed the contract. That case seems to be decisive of this case. The court said:

"There is not in this clause any promise by Evans and Hoshour to pay those persons who might contract with them during the progress of the work. It is simply the expression of a condition upon which their liability to the railroad company is defined, and for a breach of which they would be liable to the company itself. Standing alone, the clause would not support the claim. The character of the instrument as a bond of indemnity to the railroad company is clearly established by the language which precedes that clause, which is, in substance, that the bond is intended and given as additional security to the railroad company for the per-

**1104**

formance of the contract, and by the clause which immediately follows that relied upon, viz.: 'And also shall well and truly save and keep harmless the said Gulf, Colorado & Santa Fe Railway Co. from the payment of any and all liens, claims, demands, costs, suits, judgments, and executions that may be made, taken, rendered, had, or obtained against the said Gulf, Colorado & Santa Fe Railway Co., or its property by reason of the nonpayment of any of the debts, claims, or demands of any of the several parties hereinbefore mentioned and provided, and shall duly perform and observe all the stipulations and agreements contained in said contract and on his part to be performed, * * * then this obligation shall be null and void; otherwise to be in full force and virtue.' If there were doubt as to the meaning of the language first quoted, it is surely dispelled by the full expression of intention contained in the context of the bond."

In the case of General Bonding & Casualty Ins. Co. v. Lumber Co. (Tex. Civ. App.) 176 S. W. 651, 655, the case above cited is reviewed and followed; the language of the contract in that case being similar to that used in the bond herein being considered. The court held: "After a review of all the authorities cited by the parties in their briefs, we have reached the conclusion that, whatever may be the holding in other states, it is the well-established law of this state that a building contractor's bond, conditioned as in the instant case, is simply an expression of a condition upon which the liability of the surety to the owners is defined, and for a breach of which the surety will be liable to the owner only, and does not inure to the benefit of materialmen, in the absence of a provision evidencing such an undertaking. The bond, then, being an indemnity bond to W. F. Breath and wife, does not give a right of action to the plaintiff, as a materialman, against the surety on the bond."

█ The contract being plain and unambiguous, parol testimony should not have been admitted to show any intent of the owner contrary to the language used in the contract. The language used fully expressed the intention of the parties, and it cannot be expanded or distorted so as to include others in no way connected, with the object of the contract. The clear object was to indemnify the owner against claims of any kind, and he alone could enforce a claim of indemnity against the surety company. The owner is satisfied, and has no ground of complaint against the surety company, and it would be out of the question for a subcontractor, laborer, or materialman to sue and recover on a contract to which he was not a party, and has no lot, parcel, or interest therein. Appellee recognized the truth and force of this conclusion when it sought by parol testimony to place in the contract language not used by the parties thereto.

The judgment is reversed, and judgment is here rendered that appellee take nothing by its suit and pay all costs of this case, incurred in this court as well as the lower court.