## CUELLAR et al. v. MOORE.
### No. 8933.

Court of Civil Appeals of Texas.
San Antonio.
Nov. 30, 1932.

T. M. West and Nat L. Hardy, both of San Antonio, and M. J. Raymond, A. A. Alvarado, and F. B. Guerra, Jr., all of Laredo, for appellants.

Thos. H. Ward, of Laredo, for appellee.

SMITH, J.

Mrs. J. V. Moore was injured in a collision between her motorcar (which she was driving), and a car owned by Volpe Bros. (a partnership), and driven by Ramon Cuellar. The Volpe car was covered by a casualty insurance policy issued by the New Amsterdam Casualty Company.

Mrs. Moore first brought this action for personal injuries (sustained in said collision) against Volpe Bros. and Cuellar, but later impleaded the insurance company as well and sought to subject it to direct liability to her on account of its assurance to Volpe Bros. The latter, and their driver, Cuellar, reconvened and sought recovery against Mrs. Moore on account of injuries to the property of Volpe Bros. and the person of Cuellar.

In a trial without a jury the court below rendered judgment in favor of Mrs. Moore against all three defendants, jointly and severally, for $1,116.50 for injury to her car, but denied her any damages for personal injuries. The court also denied recovery to Volpe Bros. and Cuellar upon their cross-actions. Those defendants as well as the insurance company have appealed.

The appeal is controlled by the question of whether the insurance company was properly rendered accountable directly to Mrs. Moore because of its contract with Volpe Bros. We have concluded that she had no cause of action against the insurance company, and that the judgment must be reversed because of its joinder in the action.

The contract of insurance was made by and between Volpe Bros. and the insurance company and no others, whereby, in consideration of the premium paid by Volpe Bros. to the company, the latter insured the former "against loss from the liability imposed by law upon" Volpe Bros. on account of injury to the person or property of third persons through the operation of the assured's automobile described in the contract. The insurer was further obligated in said contract to investigate accidents covered by the contract, to negotiate settlement of claims, defend at its own expense and "in the name and on behalf of the assured any suit against" the latter on account of injuries to person or property, with the right reserved to the company to settle such suit if deemed expedient; to pay all expenses incurred by assured "in providing such immediate surgical relief as is imperative at the time of any accident covered by this policy." It was further provided in the contract, as follows:

"No action by the assured shall lie against the company until the amount of the damages for which the assured is liable by reason of any casualty covered by this policy, is determined either by a final judgment against the assured or by agreement between the assured and the claimant with the written consent of the Company; nor unless such action is brought within two (2) years after the rendition of such final judgment."

"The bankruptcy or insolvency of the Assured shall not release the Company from any payment otherwise due hereunder and if, because of such bankruptcy or insolvency, an execution on a judgment against the Assured is returned unsatisfied, the judgment creditor shall have a right of action against the Company to recover the amount of said judgment to the same extent that the Assured would have had to recover against the Company had the Assured paid the judgment."

Appellee rests her claim against the insurance company entirely upon the contract between that company and Volpe Bros., and in

determining that claim the courts must, of course, look solely to the provisions of that contract, which provide, in effect, that the insurance company shall "insure" Volpe Bros. "against loss from the liability imposed by law upon" Volpe Bros. "for damages on account of" injuries to the person and property of others. It is then stipulated that no right of action upon such obligation "shall lie against the Company until the amount of damages" thereunder "is determined by a final judgment against" Volpe Bros. "or by agreement between" Volpe Bros. "and the claimant with the written consent of the" insurance company. It is admitted—is obvious from the record—that none of those contingencies had arisen which would authorize the assured, even, to bring an action upon the contract against the insurer, for no liability has been imposed by law upon Volpe Bros., no amount of damages for which Volpe Bros. are liable has been "determined by a final judgment against" them, or by their approved agreement with appellee. Moreover, by express provision of the contract, no creditor of Volpe Bros. shall have a right of action against the insurer except in case of the bankruptcy or insolvency of Volpe Bros., and not in that contingency until he has obtained a judgment against Volpe Bros. and execution thereon has been returned unsatisfied. Of course, such contingency has not here arisen.

The insurance contract was paid for by and issued to Volpe Bros. for their benefit and protection, and by its own terms can never operate to the benefit of third parties except upon the conditions and in the contingencies therein expressly prescribed, and which, under express provisions of the contract, cannot arise until after the claims of third parties are reduced to final judgment and the assured refuses, or is unable because of bankruptcy or insolvency, to discharge that judgment. To give to the contract the added effect sought by appellee requires not only the making of a new contract for the parties thereto, but the extension of the benefits of that contract to complete strangers, in obvious contravention of the intention of the parties. Huddy on Automobiles (5th Ed.) § 837; Merchants' Mut. Automobile Liability Ins. Co. v. Smart, 267 U. S. 126, 45 S. Ct. 320, 69 L. Ed. 538; Metropolitan Casualty Ins. Co. of New York v. Colthurst (C. C. A.) 36 F.(2d) 559; Small v. Morrison, 185 N. C. 577, 118 S. E. 12, 31 A. L. R. 1135; Jacobs v. Maryland Casualty Co., 198 App. Div. 470, 191 N. Y. S. 692; Schoenfeld v. New Jersey Fidelity & Plate Glass Ins. Co., 203 App. Div. 796, 197 N. Y. S. 606; Goodman v. Georgia Life Ins. Co., 189 Ala. 130, 66 So. 649; Owens v. Jackson-Hinton Gin Co. (Tex. Civ. App.) 217 S. W. 762; Hanson v. Haymann (Tex. Civ. App.) 280 S. W. 869; Fidelity Union Casualty Co. v. Hanson (Tex. Com. App.) 44 S.W.(2d) 985; New York Ind. Co. v. Ewen, 221 Ky. 114, 298 S. W. 182;

Small v. Morrison, 185 N. C. 577, 118 S. E. 12, 31 A. L. R. 1135; O'Neal v. Pocahontas Transp. Co., 99 W. Va. 456, 129 S. E. 478; Shepherd v. Pocahontas Transp. Co., 100 W. Va. 703, 131 S. E. 548; Conwell v. Hays, 103 W. Va. 69, 136 S. E. 604; Canen v. Kraft, 41 Ohio App. 120, 180 N. E. 277; Dallas Coffee & Tea Co. v. Williams (Tex. Civ. App.) 45 S.W.(2d) 724; American Fidelity & Casualty Co. v. Jones Transfer Co. (Tex. Civ. App.) 46 S.W.(2d) 1054; Suydam v. Public Ind. Co., 161 A. 499, 10 N. J. Misc. 868; U. S. Fid. & Guar. Co. v. Wyer (C. C. A.) 60 F.(2d) 856; Ætna Cas. & Surety Co. v. Parker Roofing Co. (Tex. Civ. App.) 43 S.W. (2d) 1102.

Appellant cites the following additional authorities: American Automobile Ins. Co. v. Cone (Tex. Civ. App.) 257 S. W. 961; Owens v. Jackson-Hinton Gin Co. (Tex. Civ. App.) 217 S. W. 762; Hanson v. Haymann (Tex. Civ. App.) 280 S. W. 869; Texas Short Line R. Co. v. Waymire (Tex. Civ. App.) 89 S. W. 452; Combs v. Hunt, 140 Va. 627, 125 S. E. 661, 37 A. L. R. 621; Stewart v. Gordon, 65 Tex. 344; G. A. Duerler Mfg. Co. v. Dullnig (Tex. Civ. App.) 83 S. W. 889; Clark v. Bonsal & Co., 157 N. C. 270, 72 S. E. 954, 48 L. R. A. (N. S.) 191; Allen v. Ætna Life Ins. Co. (C. C. A.) 145 F. 881, 7 L. R. A. (N. S.) 958; Thacher v. Ætna Accident & Liability Co. of Hartford, Conn. (C. C. A.) 287 F. 484, 487, 28 A. L. R. 1280; Indemnity Co. of America v. Pitts (Tex. Civ. App.) 38 S.W.(2d) 883; Saxon v. U. S. Fidelity & Guaranty Co., 107 N. J. Law, 266, 153 A. 596; Geitner v. U. S. Fidelity & Guaranty Co., 251 N. Y. 205, 167 N. E. 222; 10 Tex. Jur. p. 308; Engler v. Hatton (Tex. Com. App.) 12 S.W.(2d) 990; Continental Paper Bag Co. v. Bosworth (Tex. Com. App.) 269 S. W. 83; Jacobs v. Maryland Casualty Co., 198 App. Div. 470, 191 N. Y. S. 692; Schoenfeld v. New Jersey Fidelity & Plate Glass Ins. Co., 203 App. Div. 796, 197 N. Y. S. 606; Skipwith v. Hurt, 94 Tex. 322, 60 S. W. 423.

Appellee cites only Texas Landscape Co. v. Longoria (Tex. Civ. App.) 30 S.W.(2d) 423, 426, and Monzingo v. Jones (Tex. Civ. App.) 34 S.W.(2d) 662. The Monzingo Case is what is known as a jitney-bus case, such as American Automobile Ins. Co. v. Struwe (Tex. Civ. App.) 218 S. W. 534, decided by this court. The provisions of the contract in the Longoria Case differ sufficiently from those in this case to afford a distinction between the two cases. The writer did not concur in the opinion in the Longoria Case, although he did not formally dissent therefrom. It occurred to this writer that up to that time no court in any jurisdiction had ever held that such contract inures so directly to the benefit of third persons as to entitle them to implead the insurer in a suit against the insured for damages for personal injuries, as in that case. A number of cases are cited in the opinion in

the Longoria Case to support the holding therein on this question, but none of them appears to the writer to do so in fact. It is said in that opinion that in order to support it we "need go no further than" the case of American Automobile Ins. Co. v. Struwe, 218 S. W. 534, decided by this court. That case, however, was quite beside the controlling point, for there the insurance contract was issued and conditioned in accordance with the mandatory provisions of a city ordinance, which was made a part of the contract, and in which, as well as in the insurance policy, it was expressly provided that third persons injured through the operation of the insured's automobile (operated as a service car for hire) were the direct beneficiaries of the contract and were expressly authorized to implead the insurer along with the insured. The opinion in the Struwe Case does not clearly disclose the presence of those provisions of the contract, but the record in the case embraces the contract and the city ordinance made a part thereof, and the decision of course rested upon those provisions, which take the case quite out of the class of cases under consideration. The opinion in the Longoria Case also rests largely upon the decision in Engler v. Hatton (Tex. Com. App.) 12 S.W.(2d) 990. An analysis of that opinion, however, discloses that the decision there negatives, rather than supports, the holding in the Longoria Case, for there it was held that the insurer's plea of misjoinder, upon the grounds urged here by appellants, was well taken; but that the insured, in order to complain of the presence of the insurer in the case, should have objected thereto upon the trial, and, failing to object then, could not afterwards effectually do so. In the writer's opinion the remaining cases cited in the opinion in the Longoria Case are not in point upon the question which controlled that appeal. In some of them the insurance contract, as in the Struwe Case, expressly authorized injured third parties to implead the insurer, thereby excluding those cases from the wholly different class under consideration. The remaining cases cited seem to the writer to have had no application.

This is not a case of construing trick clauses in an insurance contract, upon the complaint of one of the parties thereto, with which the books abound. It is a case of construing a plain and unambiguous contract with the provisions of which the parties thereto are satisfied, and of which neither is complaining or is seeking interpretation by the courts. The parties were at liberty to make any lawful contract they might agree upon, and they being satisfied with its terms, it is not a prerogative of the courts to make a new or different contract for them over their objections and at the behest and for the benefit of strangers thereto.

We are of the opinion that the court erred in overruling the insurance company's plea in abatement, and in not dismissing that company from the suit.

Accordingly, the judgment is reversed, and the cause remanded.