**Opinion issued March 11, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-13-00064-CR**

_____

**CRYSTINA BECERRA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1289828**

**MEMORANDUM OPINION**

Appellant, Crystina Becerra, pleaded guilty to the felony offense of aggravated assault with a deadly weapon.[*] On June 17, 2011, the trial court deferred adjudication, placed her on community supervision for five years, and

---

[*] *See* TEX. PENAL CODE. ANN. § 22.02(a) (West 2011).

assessed a $400 fine. On October 5, 2012, the State filed a motion to adjudicate guilt. On October 9, 2012, the trial court entered judgment adjudicating Becerra's guilt and sentenced her to four years' imprisonment. On January 4, 2013, Becerra filed a notice of appeal of the trial court's judgment. We dismiss the appeal.

Generally, a defendant's notice of appeal in a criminal case is due within thirty days after the sentence is imposed in open court or the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). The deadline to file a notice of appeal is extended to 90 days after the date the sentence is imposed in open court if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(2). The time to file a notice of appeal may also be extended if, within 15 days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3.

Here, the trial court sentenced Becerra and signed a final judgment on October 9, 2012. Becerra did not file a motion for new trial nor did she file a motion for an extension of time to file her notice of appeal. Therefore, Becerra's notice of appeal was due by November 8, 2012. *See* TEX. R. APP. P. 26.2(a)(1).

Becerra untimely filed her notice of appeal on January 4, 2013. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918

S.W.2d 519, 522 (Tex. Crim. App. 1996); *Douglas v. State*, 987 S.W.2d 605, 605–06 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

On April 4, 2013, we notified Becerra that her appeal was subject to dismissal for want of jurisdiction unless, by April 15, 2013, she filed a response showing grounds for continuing the appeal. Becerra failed to file an adequate response.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).