## INDEMNITY CO. OF AMERICA et al. v. PITTS et al.

### No. 4013.

Court of Civil Appeals of Texas. Texarkana.
May 7, 1931.

Rehearing Denied May 14, 1931.

884

Touchstone, Wight, Gormley & Price, of Dallas, for plaintiffs in error.

E. G. Senter, of Dallas, and J. D. Cottrell, of Plano, for defendants in error.

WILLSON, C. J. (after stating the case as above).

The indemnity company insists a cause of action against it was not stated in Florence Pitts' petition, and that the trial court therefore erred when he overruled its general demurrer questioning the sufficiency of said petition. The allegations of the petition, other than formal ones, are shown in the statement above. From them it appears that the right conferred by the policy on a person injured by negligence of the assured to maintain a suit against the indemnity company for damages, was on the condition that such person secure the written consent of the insured to do so. It not only did not appear from the allegations in the petition that this condition had been complied with, but it affirmatively appeared same had not been complied with.

The right claimed to nevertheless maintain the suit is predicated on (1) the allegations in the petition showing that the indemnity company took charge of the defense of Florence Pitts' suit against Kakisaki for damages; and (2) the allegations charging that the refusal of Kakisaki to consent that Florence Pitts might sue on the policy was in pursuance of a collusive and fraudulent agreement entered into between him and the indemnity company for the purpose of defeating any effort of Florence Pitts to procure from the indemnity company compensation for the injury she had suffered.

In support of the action of the trial court in overruling the demurrer, Florence Pitts insists it appeared from allegations in the petition that Kakisaki, because of his insolvency, owed her the duty to consent that she might sue the indemnity company, and appeared, further, that the refusal of Kakisaki to discharge that duty was a wrong which, if effect should be given to the stipulation in the policy in question, would operate to defraud her of compensation she was entitled to because of the injury she suffered. It is argued, in effect, that to avoid such consequence the stipulation should not be given effect. The members of the court other than the writer concur in that view of the matter, and think the trial court should have overruled the demurrer as he did. The writer dissents from that view, and thinks the demurrer should have been sustained.

Florence Pitts was not a party (on the face of same) to the contract she sued on, and had nothing to do with the making of it. No law in existence required Kakisaki to make provision for indemnifying persons injured as Florence Pitts was by his negligence in operating an automobile, and no law required the indemnity company in issuing such policies as the one in question to provide therein for compensation to a person so injured. Therefore, as the writer thinks, neither the indemnity company nor Kakisaki was under any legal obligation to have Florence Pitts, individually or as one of the general public, in mind while they were making the contract. The act of the indemnity company in contracting with Kakisaki as it did was a voluntary one, and it had a right to attach any condition not in violation of law or public policy it saw proper to attach to its agreement that persons injured as Florence Pitts was might maintain a suit against it for compensatory damages.

No doubt Kakisaki owed Florence Pitts a moral duty to consent that she might sue the indemnity company on its contract with him, for damages he had caused her and could not pay, but he owed her no legal duty to give such consent. And certainly the indemnity company, if it owed her a moral duty, did not owe her a legal duty in the matter. It had a lawful right to impose the condition it did

impose on the right of any other person than Kakisaki to maintain a suit against it on the policy, and the writer knows of no rule of law authorizing this court or any other court to hold to the contrary. As he sees it, the effect of such a holding is to ignore the contract Kakisaki and the indemnity company made and to make one for them.

It is argued, in effect, that the stipulation in the policy that any one injured as Florence Pitts was might, on conditions specified, sue the indemnity company, made her a party to the contract evidenced by the policy. But certainly, if she became such a party, Florence Pitts was bound by the terms and conditions of the contract, and could not maintain suit thereon when, confessedly, a condition upon which her right to do so depended had not been complied with.

The writer does not think a right in Florence Pitts to maintain the suit could be predicated on the allegations in the petition showing the indemnity company to have taken charge of the defense of the damage suit prosecuted by Florence Pitts against Kakisaki. As he understands American Indemnity Co. v. Fellbaum, 114 Tex. 127, 263 S. W. 908, 37 A. L. R. 633, cited by Florence Pitts as furnishing support for her contention to the contrary, the point decided was that the exercise by an indemnity company of a right it had by virtue of its contract to completely take over and carry on the defense of a suit against its indemnitee was inconsistent with and therefore would render ineffective a stipulation in the contract that an action by the indemnitee against it should not lie until he had satisfied the judgment obtained against him in the suit it so defended.

██ At the trial, over plaintiff in error's objection thereto, the court admitted as evidence (1) the judgment for $6,374.35, in Florence Pitts' favor against said Kakisaki, rendered in said cause No. 70471, and (2) the execution issued on said judgment. It appeared from the sheriff's return on the execution (not objected to) that the writ was not satisfied because the officer was unable to find in Dallas county any property belonging to Kakisaki subject to execution. The grounds of the objection to the judgment were that it was irrelevant and immaterial, and had not been properly identified, in that it "was not shown to have come from or been in the custody of any district clerk or any one under the law charged with the custody of court papers." The ground of the objection to the execution was the same as the one to the judgment last stated above. Both the judgment and execution were records in the office of the clerk of the court trying the case, and we think it should be assumed were in the custody of that clerk at the time same were offered and admitted as evidence. Therefore we think it was not error to overrule the objection to the admission of the judgment and execution as

evidence on the ground that same were not sufficiently identified. As to the other grounds of the objection, they were plainly untenable we think. It devolved upon Florence Pitts to prove she had obtained a judgment against Kakisaki, and certainly the record showing she had done that was admissible as evidence of the fact.

The contention of plaintiff in error that the court below erred when he overruled its motion that he instruct the jury to return a verdict in its favor is predicated mainly on the fact that it appeared Kakisaki had not consented that Florence Pitts might sue it (plaintiff in error) and the view that Florence Pitts had not discharged the burden resting upon her to prove that Kakisaki was insolvent. That the contention is not tenable on the first one of the two grounds specified was determined when the majority of the members of this court concluded that a cause of action was stated in Florence Pitts' petition. The contention ought to be sustained on the other ground, unless it should be said, and we think it should be, that the return nulla bona of the sheriff on the execution issued on the judgment in cause No. 70471, and the testimony of Kakisaki as a witness that he owned no property subject to execution in Texas, warranted the finding (involved in the judgment) that Kakisaki was insolvent. However, it is insisted that the return of the sheriff on the execution alone did not warrant the finding, and that the testimony of Kakisaki referred to was subject to the objections urged to it, and therefore should not be treated as furnishing any support for the finding. We think the testimony was not inadmissible on the grounds urged to it, and overrule the contention to the contrary, as we do the contention that the finding was without the support of competent evidence.

Contentions not disposed of by what has been said are overruled, because, as we view the record, none of them present error requiring a reversal of the judgment.

The judgment is affirmed.