INDEMNITY COMPANY OF AMERICA ET AL. V. FLORENCE
PITTS ET AL.

Motion No. 9975. (Cause No. 6032). Decided March 23, 1932.
(47 S. W., 2d Series, 817.)

*Touchstone, Wright, Gormley & Price* and *Phil L. Kelton,* all of Dallas, for plaintiff in error.

*E. G. Senter, M. H. Baughn* and *R. J. Johnson,* all of Dallas, and *J. P. Cottrell,* of Plano, for defendants in error.

PER CURIAM.—This suit was filed in the District Court of Dallas County, Texas, by Florence Pitts et al., defendants in error here, against Indemnity Company of America, a corporation. Trial in the district court resulted in a judgment in favor of Florence Pitts et al. and against the Indemnity Company. The Indemnity Company appealed to the Court of Civil Appeals and filed supersedeas bond signed by the Indemnity Company, as principal, and Federal Surety Company as surety.

On final hearing in the Court of Civil Appeals the judgment of the district court was in all things affirmed. (38 S. W. (2d) 883). The Supreme Court granted the Indemnity Company's petition for writ of error and the cause is now pending on the docket of this court.

On October 15th, 1931, the defendants in error, Florence Pitts et al., filed in the Supreme Court their sworn motion wherein it was made known to this Court that since the appeal of this case the Indemnity Company of America has become insolvent, and that since the writ of error was granted by this court the Federal Surety Company, the surety, has also become insolvent and gone into the hands of a receiver. Such motion then proceeds to pray:

1. That the Indemnity Company be required to execute a new supersedeas bond.

2. That in case the Indemnity Company should fail to execute such bond the case be dismissed.

3. That defendants in error have such further relief as they are entitled to.

On December 9th, 1931, this court entered its order on the above motion requiring the Indemnity Company to file new supersedeas bond. This order is as follows:

"It is ordered by the court that the motion to require plaintiff in error to execute new supersedeas bond be granted to the extent of requiring new supersedeas bond to be filed within 20 days from this date. (See Art. 2272, Comp. Tex. Stat.)."

An examination of the record shows that the above order has never been obeyed.

On February 15th, 1932, the Indemnity Company filed in this court its motion to set aside the above order of date December 9th, 1931, requiring it to file a new supersedeas bond within 20 days from such order and as grounds for such relief says that no notice was ever given to the Indemnity Company or its receiver of the filing by Florence Pitts et al. of the motion to require it or its receiver to file a new supersedeas bond. This motion further says that the first notice the Indemnity Company or its receiver ever had of the filing of such motion by Florence Pitts, or the order thereon, was when its attorneys read in the Dallas News that the court had entered the order. The motion states no date when the attorneys learned of such order and does not in any manner question the allegations made by defendants in error to the effect that both the plaintiff in error and its surety are insolvent.

An examination of the papers in the record shows that on

December 11, 1931, the clerk of this court, by letter notified the attorneys of the Indemnity Company of the entry of the order of this court of date December 9th, 1931, and on December 16th, 1931, said attorneys addressed a letter to the Clerk of this court in which it is stated:

"We are in receipt of your favor of the 11th in regard to the court's action on the motion for new supersedeas bond. We wish to thank you very much for that favor and the copy of the motion which you sent us.

"Since receiving your letter, the writer has talked with Mr. John W. Pope, who stated to the writer that he had no connection with the Indemnity Company of America but that he did act for the Federal Surety Company. It appears, therefore, that Mr. Senter must have been mistaken in getting Mr. Pope to execute a waiver for the Indemnity Company of America.

"We have out a letter to the receiver of the Indemnity Company of America in connection with the bond for costs and if we see that we are not going to get this matter acted on by the receiver of the Indemnity Company of America before the twenty days have elapsed, we shall follow your suggestions and move the court to give us an extension of time within which to get this matter worked out."

As above stated no new supersedeas bond has ever been filed, and no effort has been made to secure an extension of time for the filing of same. Furthermore, the Indemnity Company makes no claim that it has not had time to file the same since learning of the order.

The statutes pertaining to this matter are Articles 2272-3 &, 4, R. C. S. of Texas, 1925.

■ It will be noted that Art. 2272, supra, provides in substance that in all cases carried by appeal or writ of error from the county or district court to the Court of Civil Appeals or to the Supreme Court in which a supersedeas bond shall be given, and such bond shall become insolvent, by reason of the insolvency of the surety thereon, or any other causes, upon proper showing the giving of an additional bond may be required. This Article provides no particular procedure for the appellate court to follow in ascertaining the fact of insolvency. It follows that this court may adopt such methods as it sees fit to ascertain the facts.

Article 2273, supra, provides in substance that if the new bond required by Article 2272 is not filed within 20 days after the order is served the court in which said appeal or writ of error is pending shall issue an order to the trial court directing

or permitting the issuance of execution, etc. It is then provided that the appeal or writ of error shall not be dismissed, but continued on the docket as if the cause had been appealed or writ of error granted upon a cost bond, provided the clerk of the court in which the appeal or writ of error is pending is satisfied that the original bond is still sufficient when considered as a cost bond.

Article 2274, surpa, provides in substance that if the clerk considers the original supersedeas bond insufficient as a cost bond then the appeal or writ of error shall be dismissed, unless the appellant or plaintiff in error within 20 days after notice served by the clerk that the said bond is deemed insufficient for the purpose of the cost bond, shall execute a new bond satisfactory to the clerk sufficient to secure the payment of the costs theretofore accrued or that might accrue thereafter in the further prosecution of the appeal or writ of error. This Article further provides that the giving of said additional bond or bonds shall not release the liability of the sureties on the original supersedeas bond.

■ In the present case it seems that the Indemnity Company had no notice of the filing of the original motion to require a new bond until after it was acted on by the court, and a new bond required. It further appears, however, that the facts alleged in the motion are not controverted, but in substance admitted. Further the motion of the Indemnity Company makes no contention that it did not learn of the above order in time to comply with the same or that any different order should have been entered had it known thereof before its entry. Furthermore, no tender of a new supersedeas bond has ever been made though it is conclusively shown that the attorneys for the Indemnity Company have had actual notice of the order of this court since sometime between December 11th, 1931, and December 16th, 1931.

From the above it is evident that the motion filed by the Indemnity Company to set aside the order of this court of December 9th, 1931, requiring a new supersedeas bond presents no reason for the relief sought, and it is therefore overruled.